ALEXANDER B. DENSON, GUARDIAN AD LITEM FOR TERRY GLEN STEW-
ART, MINOR; LUCILLE RICE, GUARDIAN AD LITEM FOR ROBIN GAIL
STEWART, MINOR; GUY ANTHONY STEWART, SON; PAULINE
JOHNSON STEWART, WIFE; ANNA LOUISE HATCHETT STEW-
ART, WIFE; LOLA LOUISE GILMORE, ALLEGED DEPENDENT OF
JAMES D. STEWART, DECEASED, EMPLOYEE v. C. R. FISH GRAD-
ING CO., INC., EMPLOYER; U. S. FIDELITY & GUARANTY CO.,
CARRIER

No. 7510IC619

(Filed 17 December 1975)

1. Marriage § 2— second marriage — presumption of validity

   When two marriages of the same person are shown, the second
   marriage is presumed to be valid, and a person who attacks the sec-
   ond marriage has the burden of showing its invalidity.

2. Marriage § 2; Master and Servant § 79— workmen's compensation —
   widow's benefits — validity of second marriage

   In this workmen's compensation proceeding, the Industrial Com-
   mission did not err in finding that deceased employee's first wife had
   failed to overcome the presumption of the validity of deceased's second
   marriage where the first wife testified only that she had not divorced
   deceased and had never had any notice of any divorce obtained by
   him, and there was no other attempt to prove there had been no
   divorce.

APPEAL by Pauline Johnson Stewart from opinion and
award of the North Carolina Industrial Commission filed 28
April 1975. Heard in the Court of Appeals 12 November 1975.

This is a proceeding under the Workman's Compensation
Act to determine to whom compensation benefits should be paid
due to the death of James D. Stewart, the deceased employee,
who died on 19 March 1974 as a result of injuries received that
day by accident arising out of and in the course of his employ-
ment. Awards for the benefit of three minor children are not
questioned on this appeal, and the sole question at issue is which
of the two claimants, Pauline Johnson (Pauline) or Anna Hatch-
ett (Anna), is entitled to receive benefits as widow of the de-
ceased employee.

At the hearing before Commissioner William H. Stephen-
son, evidence was introduced to show the following:

James D. Stewart was married to Pauline 5 April 1942,
and they lived together as man and wife until about the first of
1947, when they separated. Thereafter, James D. Stewart moved
to New York and took up residence with Louise Gilmore

(Louise), fathering four children by her. Louise never claimed to be the wife of James D. Stewart and in this litigation has claimed only on behalf of two minor children. During the period of residence in Niagara Falls, New York, James D. Stewart established a relationship with Lucille Rice (Lucille) and fathered three children by her. She has never claimed to be the wife of James D. Stewart and in this litigation has claimed only on behalf of a minor child.

In 1958 James D. Stewart left New York and went to California, taking Louise and her children with him.

In 1969 James D. Stewart left California and returned to North Carolina to live with his mother. On 24 July 1971, James D. Stewart and Anna Hatchett were married in Fuquay Varina. They lived together as man and wife from that time until the date of his death.

Pauline never remarried, never obtained a divorce from the decedent, and never was served with notice of divorce proceedings.

Both Pauline and Anna claim to be the widow of the decedent.

The Commission found as facts: that Anna was the widow of James D. Stewart and is entitled to the widow's share of the compensation due in this case. Lola Louise Gilmore was never married to James D. Stewart and claims no compensation for herself by reason of his death. Pauline was not the widow of the deceased, he having divorced her prior to his marriage to Anna. James D. Stewart left surviving him as his sole whole dependents his widow, Anna, and three minor acknowledged illegitimate children, to wit: Guy Anthony Stewart; Terry Glen Stewart; and Robin Gail Stewart. Said four dependents are entitled to all compensation due by reason of the death of James D. Stewart. On these findings the Commission entered an award directing payments to Anna as the widow and the three minor children, as whole dependents, of the deceased employee.

Upon appeal by Pauline to the Full Commission, the opinion and award of Commissioner Stephenson was amended by striking therefrom the findings of fact that James D. Stewart divorced Pauline prior to his marriage to Anna. With this amendment, the Full Commission adopted as its own the opin-

Denson v. Grading Co.

ion and award of Commissioner Stephenson and affirmed the results reached by him.

To these findings and award of the Full Commission, Pauline duly excepted and appealed.

*Mitchiner, DeMent, Redwine and Yeargan, by Phillip O. Redwine, for appellant Pauline Johnson Stewart.*

*Ernest E. Ratliff, for appellee Anna Hatchett Stewart.*

MARTIN, Judge.

[1] "The decided weight of authority . . . is that when two marriages of the same person are shown, the second marriage is presumed to be valid; that such presumption is stronger than or overcomes the presumption of the continuance of the first marriage, so that a person who attacks a second marriage has the burden of producing evidence of its invalidity. When both parties to the first marriage are shown to be living at the time of the second marriage, it is presumed in favor of the second marriage that the first was dissolved by divorce. These presumptions arise, it is said, because the law presumes morality and legitimacy, not immorality and bastardy." *Parker v. American Lumber Corp.*, 190 Va. 181, 56 S.E. 2d 214 (1949).

[2] The marriage of Anna to James D. Stewart, his second marriage, was duly proved. The marriage ceremony was performed in Fuquay Varina, North Carolina. The burden was then on Pauline, his first wife, to produce evidence to show the invalidity of that marriage. She proved that James D. Stewart was married to her on 5 April 1942, and she testified that she had not divorced him and had never had any notice of any divorce obtained by him. There was no other attempt to prove there had been no divorce.

The mere proof that one party had not obtained a divorce is not sufficient to overcome the presumption, since the other party might have obtained a divorce.

Pauline was aware of James D. Stewart's return to North Carolina in 1969. He told her he was married to Anna, and she knew they lived together as man and wife at his mother's home. There is no evidence that Pauline made any claim that James D. Stewart was her husband.

Our Supreme Court in *Chalmers v. Womack*, 269 N.C. 433, 152 S.E. 2d 505 (1967), held that the issue as to the validity of a subsequent marriage was properly submitted to the finders of the fact, in that case a jury, and found no error in a judgment entered upon a verdict finding the subsequent marriage valid. The opinion in that case quoted with approval from the decision in *Kearney v. Thomas*, 225 N.C. 156, 33 S.E. 2d 871 (1945), as follows:

" ' "A second or subsequent marriage is presumed legal until the contrary be proved, and he who asserts its illegality must prove it. In such case the presumption of innocence and morality prevail over the presumption of the continuance of the first or former marriage." . . . (I)t is always for the jury where the demand is for an affirmative finding in favor of the party having the burden, even though the evidence may be uncontradicted. . . . Moreover, proof of the second marriage adduced by the defendant, if sufficient to establish it before the jury, raises a presumption of its validity, upon which property rights growing out of its validity must be based.' "

The Industrial Commission, as finder of the facts, has found in effect that Pauline has failed to overcome the presumption of the validity of the second marriage and this finding will not be disturbed on this appeal.

The opinion and award of the Industrial Commission is

Affirmed.

Judges MORRIS and PARKER concur.