## 20343

Martha BYERS, Appellant, and Dorothy Byers et al., Respondents, v. MOUNT VERNON MILLS, INC., et al., Defendants-Respondents.

(231 S. E. (2d) 699)

*J. Marvin Mullis, Jr., Esq.,* of Columbia, *for Appellant,*

*James E. Hunter, Esq.,* of West Columbia, *for Respondents,*

January 10, 1977.

LITTLEJOHN, Justice:

In an action to collect Workmen's Compensation benefits arising because of the death of Howard E. Byers, the Industrial Commission and the circuit court were called upon to determine who is his legal widow. The Industrial Commission found that respondent Dorothy Byers was the widow. The circuit court affirmed. Martha Byers has appealed.

In 1945 the deceased, Howard E. Byers, married Helen E. McElduff. Without the benefit of a divorce and while Helen was still alive, Howard married Martha Byers in July 1950. The marriage was void because Howard had a wife (Helen) already. In September 1956, Helen divorced Howard. Howard had been living with Martha since 1950 and continued to live with her until 1967, when he abandoned the arrangement by merely walking off.

In 1968, Howard married Dorothy and lived with her as man and wife until the time of his death in January 1973.

It is the contention of Martha that her relationship with Howard ripened into a common law marriage after Helen procured the divorce in 1956, and accordingly she contends that the marriage of Howard to Dorothy in 1968 was void.

It is the contention of Dorothy that the relationship between Martha and Howard was void throughout, because Howard had a wife when he attempted to marry her (Martha) and the bigamous relationship was never altered.

The question which we must resolve is: Was Martha Byers the common law wife of Howard Byers at the time of his death in January 1973.

As long as Howard was married to Helen, which was until 1956, he could not, of course, marry anyone by way of either a civil ceremony or a common law marriage. The law is well settled in this state that the removal of an impediment to a marriage contract (the divorce in this case) does not convert an illegal bigamous marriage into a common law legal marriage. After the barrier to marriage has been removed, there must be a new mutual agreement, either by way of civil ceremony or by way of a recognition of the illicit relation and a new agreement to enter into a common law marriage arrangement. Our cases have consistently so held. *See Lemon v. Lemon,* 158 S. C. 71, 155 S. E. 285 (1930), and *Bannister v. Bannister,* 150 S. C. 411, 148 S. E. 228 (1929).

If there is evidence to support the finding of the Industrial Commission, both the circuit court and this Court are bound. The evidence is overwhelming to the effect that Howard and Martha continued to live together as man and wife after the impediment was removed, but there is no evidence of a new mutual agreement. The old illicit relationship continued until 1967.

Appellant Martha Byers cannot prevail on this appeal unless it be held that the only reasonable inference to be drawn from the whole of the evidence is that she and Howard entered into a new mutual agreement for a common law marriage after 1956. A review of the evidence shows that the finding of fact by the Industrial Commission, affirmed by the circuit court, is clearly supported by the evidence, and accordingly, the appeal is dismissed and the lower court is

Affirmed.

Lewis, C. J., and Ness, Rhodes and Gregory, JJ., concur.