MINNIE LEE PARKER v. JESSIE L. PARKER

No. 794DC908

(Filed 15 April 1980)

1. **Marriage § 6— second marriage—presumption of validity**

    When two marriages of the same person are shown and both parties to the first marriage are living at the time of the second marriage, the second marriage is presumed to be valid and the first marriage dissolved by divorce.

2. **Marriage § 6— second marriage—evidence sufficient to rebut presumption of validity**

    The evidence was sufficient to rebut the presumption in favor of the validity of plaintiff's second marriage where there was evidence that plaintiff had not obtained a divorce from her first husband and plaintiff testified, "I went to my lawyer and asked him if [my first husband] was divorced from me, and was I also divorced, and he said no."

3. **Marriage § 2— common law marriage in S.C.—sufficiency of evidence**

    Plaintiff's evidence raised an issue as to whether a common law marriage was entered into by plaintiff and defendant in South Carolina after plaintiff obtained a divorce from her first husband where it tended to show that she and defendant lived together as man and wife in South Carolina for approximately six weeks following her divorce from her first husband in 1972.

APPEAL by plaintiff from *Erwin, Judge.* Order entered 21 May 1979 in District Court, ONSLOW County. Heard in the Court of Appeals 26 February 1980.

Plaintiff sued defendant, *inter alia,* for a divorce from bed and board, custody and support of the couple's minor child, alimony *pendente lite,* and permanent alimony. Plaintiff alleged in her complaint that she and defendant were married on 5 July

1956, and listed cruel treatment and indignities under G.S. 50-7(3) and (4) as grounds for the divorce. Defendant denied all of the operative allegations of the complaint, including plaintiff's marriage to defendant. Defendant further defended and counterclaimed on grounds that plaintiff was lawfully married to one Henry Black on the date of her alleged marriage to defendant, and defendant prayed that the marriage between the parties be annulled. The plaintiff replied, admitting the prior marriage between herself and Black, but alleged in defense that, prior to her marriage to defendant, she had been informed that Black had obtained a divorce in another state. Plaintiff further alleged that at all times since the marriage ceremony between herself and defendant, the couple had lived together and held themselves out to the public as being husband and wife.

Plaintiff also alleged that: In 1972, the Marine Corps issued an order requiring all servicemen who were drawing increased allowances on behalf of a spouse who had previously been divorced, to produce documentary evidence of such divorce. Both plaintiff and defendant conducted a long but fruitless search for plaintiff's former husband, Henry Black, or documentary evidence of their divorce. Having failed in this effort, defendant employed South Carolina attorneys to represent his wife, the plaintiff herein, in a divorce action against Black. Pursuant to this design, pleadings were filed and a divorce from Henry Black was obtained by plaintiff in South Carolina on 12 May 1972. The attorneys for plaintiff and defendant informed them that under the laws of South Carolina they were and would continue to be married in the absence of a new marriage ceremony. The defendant filed the South Carolina divorce decree with the U.S. Marine Corps and thereafter continued to claim plaintiff as his wife, and drew increased allowances on her behalf, with the approval and sanction of the Marine Corps.

A hearing was held on plaintiff's motion for temporary alimony, attorney's fees, child custody and support, at which plaintiff testified that she was married to Black in 1950 in South Carolina and had two children by him prior to his desertion of her in 1953. Plaintiff testified that she was married to defendant in South Carolina on 5 June 1956, and that the couple had three children. The parties purchased a home in Jacksonville, North Carolina in 1961 which the parties continue to own. In 1972, on

defendant's request, plaintiff obtained a divorce from Black for marine purposes and for the following six weeks lived with her mother in South Carolina while defendant was attending a training program at Parris Island, South Carolina. Plaintiff's mother testified that during this six-week period, the defendant visited plaintiff on weekends and some nights, the couple living together at her house and representing themselves as husband and wife. She also stated that plaintiff and defendant visited her at other times since 1972, such as on Mother's Day and Christmas. Although plaintiff testified that she still considered herself a resident of South Carolina, she stated that she has had a North Carolina driver's license since 1961, paid North Carolina income taxes since 1974, voted for the only time in her life in North Carolina, served on a North Carolina jury, and that all of the couple's children were educated in North Carolina schools. Defendant offered no evidence.

The trial court found that plaintiff was married to Black on 15 April 1950 and did not obtain a divorce from him until 2 July 1972. The court determined that plaintiff and defendant moved to Onslow County, North Carolina in 1958 and have lived in North Carolina since that date, although plaintiff has visited with her mother in South Carolina once or twice per year since that time. The court found that neither plaintiff nor defendant have been residents of South Carolina since 1958, but have instead been residents of North Carolina since the early 1960's, and that the parties did not marry subsequent to plaintiff's divorce from Black in 1972. The trial court concluded that the plaintiff and defendant were not lawfully married, and denied plaintiff's motion for temporary alimony and attorney's fees. Plaintiff appeals.

*Cameron & Collins, by E. C. Collins, for the plaintiff.*

*Charles S. Lanier for the defendant.*

WELLS, Judge.

[1] The question presented in this appeal is whether the evidence supports the trial court's conclusion that there was no valid marriage between plaintiff and defendant. Defendant had the burden of showing by a preponderance of evidence that the South Carolina marriage ceremony between the parties was invalid. "It is presumed that a marriage entered into in another

State is valid under the laws of that State in the absence of contrary evidence, and the party attacking the validity of a foreign marriage has the burden of proof." *Overton v. Overton*, 260 N.C. 139, 144, 132 S.E. 2d 349, 352 (1963). When two marriages of the same person are shown and both parties to the first marriage are living at the time of the second marriage, the second marriage is presumed to be valid and the first marriage dissolved by divorce. *Denson v. Grading Co.*, 28 N.C. App. 129, 220 S.E. 2d 217 (1975). These presumptions are said to arise because the law presumes innocence and morality in such circumstances. *Chalmers v. Womack*, 269 N.C. 433, 152 S.E. 2d 505 (1967); *Kearney v. Thomas*, 225 N.C. 156, 33 S.E. 2d 871 (1945); *Denson v. Grading Co., supra.* Proof that one party had not obtained a divorce is not sufficient to overcome the presumption. *Id.*

[2] Under the laws of South Carolina, where the marriage ceremony between plaintiff and defendant occurred, "All marriages contracted while either of the parties has a former wife or husband living shall be void." S.C. CODE § 20-1-80. While a spouse is still married he may not enter into a common law marriage by cohabiting with another woman. *Byers v. Mount Vernon Mills, Inc.*, 268 S.C. 68, 231 S.E. 2d 699 (1977). In the case at bar there was evidence that plaintiff had never obtained a divorce from Black. Prior to the 1972 divorce of plaintiff from Henry Black, plaintiff investigated to determine if Black had obtained a divorce from her. Plaintiff testified, "I went to my lawyer and asked him if Henry Black was divorced from me, and was I also divorced, and he said no." We believe this testimony was sufficient to rebut the presumption in favor of the validity of plaintiff's marriage to defendant in 1956.

[3] Although it is undisputed that the parties have not participated in a marriage ceremony since the 1972 divorce of plaintiff from Henry Black, plaintiff argues that since the time of this divorce a common law marriage was created between plaintiff and defendant in South Carolina. Despite the fact that plaintiff maintains she was born in South Carolina and has remained a resident of that State, there is ample evidence in support of the trial court's finding that both parties have surrendered their South Carolina residence and become residents of North Carolina. That fact is not controlling. Plaintiff's unrebutted evidence was that following the divorce from Black in 1972, she and defendant lived

together as man and wife in South Carolina for approximately six weeks. The plaintiff and defendant could have contracted a common law marriage in South Carolina during that period. Our Supreme Court stated in *Harris v. Harris*, 257 N.C. 416, 420, 126 S.E. 2d 83, 85 (1962): "If the relation of plaintiff and defendant subsequent to [one of the party's] valid divorce was sufficient to constitute a valid marriage in South Carolina, such marriage would be given full recognition in this State." *See also*, RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 283(2), Comments *f, g* (1971).

Under South Carolina law a common law marriage is established when the parties mutually agree to assume towards one another the relation of husband and wife. *Johnson v. Johnson*, 235 S.C. 542, 112 S.E. 2d 647 (1960). While removal of an impediment to marriage, e.g. the undissolved marriage of one of the parties, does not *ipso facto* convert the party's relationship into a common law marriage, the marriage relationship may be created by a new mutual agreement to enter into a common law marriage. *Kirby v. Kirby*, 270 S.C. 137, 241 S.E. 2d 415 (1978). The agreement need not be express; it may be adduced from circumstances, such as the parties' representation to the community that they are husband and wife. *Id.* While we can find no South Carolina authority requiring a minimum period of cohabitation within the State for establishment of a common law marriage, we note that in general, where establishment of the relationship is dependent upon an agreement between the parties to act toward one another as husband and wife, no such minimum period of cohabitation has been required. *See, Bloch v. Bloch*, 473 F. 2d 1067 (3rd Cir. 1973) (agreement to be husband and wife during three-day vacation to jurisdiction recognizing common law marriage sufficient to establish the existence of such marriage).

It is incumbent upon the trial judge to make findings and conclusions determinative of the issues raised by the evidence. It is clear that in the case before us, plaintiff's evidence has raised an issue as to whether a common law marriage was entered into by plaintiff and defendant in South Carolina after the plaintiff obtained the divorce from her first husband.

Vacated and remanded for further proceedings consistent with this opinion.

Judges HEDRICK and WEBB concur.