IN THE MATTER OF: THE ESTATE OF RICHARD SWINSON, JR.

No. 828SC780

(Filed 7 June 1983)

1. Clerks of Court § 3; Courts § 6.1— appeal of probate matter—jurisdiction of superior court

When an order or judgment appealed from in a probate matter fails to show any specific exceptions, the role of the trial judge upon appeal to the superior court is to review the order of the clerk for errors of law only, and it is not proper to have a trial *de novo* or to hear any evidence in superior court. However, when the order or judgment appealed from does contain specific findings of fact or conclusions to which an appropriate exception has been

In re Estate of Swinson

taken, the role of the trial judge on appeal is to apply the whole record test, and if there is evidence to support the findings of the clerk, the judge must affirm.

**2. Courts § 6— civil actions or special proceedings before clerk—jurisdiction on appeal to superior court**

In cases originating before the clerk which are properly called "civil actions" or "special proceedings" as contemplated by G.S. 1-276, the hearing on appeal to the superior court is *de novo*, and it is appropriate for the trial court to hear evidence.

**3. Marriage § 6; Wills § 61.2— widow—right to dissent—presumption of validity of second marriage**

Where petitioner proved her marriage to deceased but failed to offer proof of divorce from or death of a prior husband, the trial court properly concluded that petitioner was the widow of deceased and thus entitled to dissent from his will upon the basis of the unrebutted presumption of the validity of a second marriage.

APPEAL by respondents from *Llewellyn, Judge.* Order entered 4 March 1982 in Superior Court, WAYNE County. Heard in the Court of Appeals 17 May 1983.

In this estate action Eudora Holmes Swinson, as a widow, filed her dissent to the will of Richard Swinson, Jr. The parties respondent, Nellie Brown and James Brown, are residuary legatees under the will.

After evidentiary hearing before the Clerk of Superior Court an order was entered on 5 February 1982 dismissing the dissent. Eudora Holmes Swinson appealed to Superior Court.

After evidentiary hearing in Superior Court an order was entered validating the dissent and ordering the Clerk to give full force and effect to the dissent. The respondents appealed.

*Earl Whitted, Jr., for respondent appellants.*

*Barnes, Braswell & Haithcock, by W. Timothy Haithcock for petitioner appellee.*

BRASWELL, Judge.

The main issue is whether Eudora Holmes Swinson was the lawful wife of Richard Swinson, Jr., so as to be qualified to dissent from his will at his death. For the reasons stated below we hold that she was lawfully married to Richard Swinson, Jr., that

as his widow she could and did dissent, and that the dissent is valid as a matter of law on the facts of this case.

On 3 July 1981 Richard Swinson, Jr., died testate. On 29 July 1981 his will was admitted to probate. The will made no provision for Eudora Holmes Swinson. She filed a dissent on 2 September 1981.

Richard Swinson, Jr. was married twice. His first wife, Estelle Cox Swinson, died on 7 August 1976. The second marriage was to Eudora Holmes Swinson on 26 July 1980.

It appears in the findings of fact in the Clerk's order dismissing the dissent that Eudora Holmes Swinson had been married on some undisclosed date (more than 30 years previously) to Herman Holmes. Herman Holmes had not been seen or heard from for over 29 years and three months. Eudora did not produce any direct evidence that she was divorced from Herman Holmes or that Holmes was dead at the time of her marriage to Richard Swinson, Jr. Upon the evidence of proof of marriage to Richard but failure of proof of divorce from or death of Herman, the Clerk concluded as a matter of law:

"3. That Eudora Holmes Swinson failed to carry the burden of proof and establish that she is the lawful wife of Richard Swinson, Jr. sufficient to entitle her to inherit within the definition and meaning of the laws of INTERSTATE [sic] SUCCESSION specifically G.S. 29-14."

There were no specific exceptions to any of the Clerk's findings of fact or conclusions of law. The record shows only a notice of appeal to Superior Court.

Once in Superior Court the appellant, Eudora Holmes Swinson, offered evidence as if on trial *de novo*. The respondents did not offer any evidence. The findings of fact essential to our consideration were substantially the same in the Superior Court order as in the Clerk's order. However, the trial judge made different conclusions of law:

"1. That the recognized presumption of the validity of a second or subsequent marriage as applied to the marriage between Richard Swinson, Jr., and Eudora Cobbs Holmes Swinson has not been rebutted or overcome by competent evidence.

2. That at the time of the death of Richard Swinson, Jr., he was lawfully married to Eudora Cobb Holmes Swinson, and she, at the time of his death, became his lawful widow."

The respondents appealed from this order. The record fails to show any specific exception to any finding of fact or conclusion of law in the order as made by the trial judge. *See* Rule 10(b)(1), N.C. Rules App. Proc.

[1] Before we consider the law on the merits, we deem it essential to chart the path of the standard for review of orders from the Clerk to the Superior Court, and then to the appellate court. In probate matters, as in a dissent from a will, the Clerk of Superior Court has original jurisdiction. After an evidentiary hearing the Clerk has a duty to make findings of fact, to make conclusions of law, and to enter the judgment accordingly. The aggrieved party who appeals should make specific exceptions to any finding or conclusion with which he disagrees. He should except to the entry of judgment. When the order or judgment appealed from fails to show any specific exceptions, and the case is before the Superior Court, the role of the trial judge is to review the order of the Clerk for errors of law only. It is not proper to have a trial *de novo* or to hear any evidence in Superior Court.

When the order or judgment appealed from does contain specific findings of fact or conclusions to which an appropriate exception has been taken, the role of the trial judge on appeal is to apply the whole record test. If there is evidence to support the findings of the Clerk, the judge must affirm. If a different finding could be supported on the same evidence, the trial judge cannot substitute his own finding for that of the Clerk. It is not a *de novo* hearing. The trial court is sitting as an appellate court, since its jurisdiction is derivative.

[2] In cases that originate before the Clerk and which are properly called "civil actions" or "special proceedings" as contemplated by the terms of G.S. 1-276, and when there is an appeal to Superior Court, the hearing is *de novo* in Superior Court. Only in *de novo* hearings is it appropriate for the trial court to hear evidence. G.S. 1-276 does not apply to probate matters. *In re Estate of Adamee*, 291 N.C. 386, 230 S.E. 2d 541 (1976); *In re Estate of Lowther*, 271 N.C. 345, 156 S.E. 2d 693 (1967).

Reviewability on appeal of the exercise of the powers granted a Clerk of Superior Court for revocation of letters of administration has been addressed by our Supreme Court in *In re Taylor*, 293 N.C. 511, 519, 238 S.E. 2d 774, 778 (1977), as follows:

"Upon appeal to the Superior Court, the trial judge may review any of the Clerk's findings of fact when the finding is properly challenged by specific exception and may thereupon either affirm, modify or reverse the challenged findings. However, absent exceptions to specific findings of fact, a general exception to the judgment only presents the question of whether facts found support the conclusions of law."

In the case before us, specific exceptions were not taken.

The function of the court in the review of probate matters was considered in *Lowther, supra.* The Supreme Court stated:

"To say that the Superior Court has jurisdiction to hear a probate matter only upon an appeal from a final judgment entered below does not mean that the judge can review the record only to ascertain whether there have been errors of law. He also reviews any findings of fact which the appellant has properly challenged by specific exceptions."

*In re Estate of Lowther, supra,* at 354, 156 S.E. 2d at 700-01.

*Lowther* also cites *In re Sams*, 236 N.C. 228, 72 S.E. 2d 421 (1952). In its discussion of *Sams, Lowther* quotes this distinction which is applicable to our case: "However, there was no objection or exception to the *de novo* hearing . . . and . . . no prejudicial error has been made to appear." *In re Sams, supra,* at 230, 72 S.E. 2d at 422.

*Lowther*, at 355-56, 156 S.E. 2d at 702, sets forth the correct rule to be:

"Where no exceptions are taken to specific findings of fact, a general exception to the judgment presents only the question whether the facts found support the conclusions of law. [Citations omitted.] Where such exceptions are properly taken to specific findings of fact, however, it remains the rule that the judge will review those findings, and either affirm, reverse of modify them. If he deems it advisable, he may submit the is-

sue to a jury. Obviously, he could not follow this latter course without hearing evidence."

When a dissent from a will was before our Court in *In re Snipes,* 45 N.C. App. 79, 262 S.E. 2d 292 (1980), the record showed that the trial judge refused to hear the testimony from a witness offered by appellant. In finding no error, it was noted that "[t]he authority and duty of the Superior Court was limited to review of the Clerk's findings of fact and conclusions of law." *Id.* at 82, 262 S.E. 2d at 294.

There being only a general objection to the Superior Court judgment, the standard for our appellate review is whether the facts found by the trial judge support the judgment. Because there was no objection or exception to the *de novo* hearing in the Superior Court, and no prejudicial error appears on the face of the record, we do not examine the evidence on which the trial judge's findings of fact are based. *See In re Sams, supra,* at 229-30, 72 S.E. 2d at 422.

[3] Here, the appeal of Eudora Holmes Swinson from the Clerk to the trial court carried to the judge the single question of whether Eudora carried her burden of proof of the death of or divorce from Herman Holmes. The face of the order shows error in that the Clerk applied the wrong burden of proof. The Clerk had found as a fact that Eudora was married to Richard Swinson, Jr., in a ceremony solemnized in Wayne County on 26 July 1980. The Clerk incorrectly concluded that Eudora had failed to carry the burden of proof that she was the lawful wife of Richard. The conclusion of the trial judge in his order properly applied the law of the recognized presumption of the validity of a second marriage. This conclusion was based upon the same basic evidence as in the Clerk's order.

The law of burden of proof of a second marriage was affirmed in *Chalmers v. Womack,* 269 N.C. 433, 436, 152 S.E. 2d 505, 507 (1967), when it quoted with approval from *Kearney v. Thomas,* 225 N.C. 156, 163-64, 33 S.E. 2d 871, 876-77 (1945).

" ' "A second or subsequent marriage is presumed legal until the contrary be proved, *and he who asserts its illegality must prove it.* In such case the presumption of innocence and morality prevail over the presumption of the continuance of

the first or former marriage." . . . Moreover, *proof of the second marriage . . . raises a presumption of its validity*, upon which property rights growing out of its validity [may][1] be based.' " (Emphasis added.)

*Stewart v. Rogers*, 260 N.C. 475, 481, 133 S.E. 2d 155, 159 (1963); 1 R. Lee, N.C. Family Law § 15 (4th ed. 1979).

This principle of law from *Kearney* was considered by the Virginia Supreme Court in *Parker v. American Lumber Corp.*, 190 Va. 181, 56 S.E. 2d 214 (1949), and found to be the decided weight of authority. Our Court quoted *Parker* with approval in *Denson v. Grading Co.*, 28 N.C. App. 129, 131, 220 S.E. 2d 217, 219 (1975):

" '[W]hen two marriages of the same person are shown, the second marriage is presumed to be valid; that such presumption is stronger than or overcomes the presumption of the continuance of the first marriage, so that a person who attacks a second marriage has the burden of producing evidence of its invalidity. When both parties to the first marriage are shown to be living at the time of the second marriage, it is presumed in favor of the second marriage that the first was dissolved by divorce.' "

Also, in *Denson, supra*, at 131, 220 S.E. 2d at 219, the court held that, "The mere proof that one party had not obtained a divorce is not sufficient to overcome the presumption, since the other party might have obtained a divorce." *Parker v. Parker*, 46 N.C. App. 254, 257, 265 S.E. 2d 237, 239 (1980).

We find that the trial judge applied the correct burden of proof, and the Clerk applied the incorrect burden of proof upon the finding of a proven second marriage of Eudora with Richard Swinson. There being no evidence to overcome the presumption of validity of the second marriage, we hold that the facts found by the trial judge support his conclusion of law and thus support the order. We further hold that Eudora Holmes Swinson is the widow of Richard Swinson, Jr., and, as such, is entitled to dissent from her husband's will.

---

1. We note that *Chalmers, supra*, at 436, 152 S.E. 2d at 507, uses the word "must" in quoting *Kearney*, whereas the text in *Kearney, supra*, at 164, 33 S.E. 2d at 877, shows the word "may," which is the word we adopt.

**Hornby v. Penn. Nat'l Mut. Casualty Ins. Co.**

The order of the Superior Court validating the dissent is

Affirmed.

Judges ARNOLD and WEBB concur.