IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-592
No. COA21-556-2

Filed 6 September 2022

Guilford County, No. 18 E 834

IN THE MATTER OF THE ESTATE OF:

BOBBY RONALD GERRINGER, Deceased.

Appeal by Petitioner from order entered 21 April 2021 by Judge Lora C. Cubbage in Guilford County Superior Court. Originally heard in the Court of Appeals 23 March 2022. An opinion vacating the superior court's order and remanding to the superior court with instructions to remand to the clerk of court for further proceedings was filed by this Court on 21 June 2022. Petition for Rehearing was filed by Petitioner on 26 July 2022, granted on 3 August 2022, and heard without additional briefs or oral argument. This opinion supersedes the previous opinion filed on 21 June 2022.

> *Narron Wenzel, P.A., by Benton Sawrey and M. Kemp Mosley, for Petitioner-Appellant.*
>
> *Casey Gerringer, pro se Respondent-Appellee.*

COLLINS, Judge.

¶ 1      Petitioner appeals the superior court's order awarding her an elective share of her late husband's estate. We vacate the superior court's order and remand to the

superior court with instructions to remand to the clerk of court for further proceedings.

## I.     Background

Bobby Ronald Gerringer ("Decedent") died testate in December 2017. Patricia Gerringer ("Petitioner") had been Decedent's wife for approximately forty-five years at the time he died. Casey Lynn Gerringer ("Respondent") is Decedent's son. Decedent's last will and testament was submitted to the Guilford County Clerk of Court in February 2018 and accepted for probate in common form. Decedent's will named Respondent executor of the estate and devised the entirety of his estate to Respondent.

On 20 February 2018, Petitioner filed a Petition for Elective Share by Surviving Spouse ("Petition"), seeking an elective share of 50% of Decedent's net estate, pursuant to N.C. Gen. Stat. § 30-3.1.

A preliminary hearing on the Petition was held before the Guilford County Assistant Clerk of Court ("Clerk") on 6 August 2018. A central issue at the hearing was what portion of three joint bank accounts held by Decedent and Respondent as joint tenants with right of survivorship should be included in the value of Decedent's net estate. The Clerk ordered Respondent to prepare a statement of Decedent's assets, pursuant to N.C. Gen. Stat. § 30-3.4(e2), and set a future hearing date at which Respondent could offer evidence of his contribution to the joint accounts. The

Clerk also ordered a partial distribution of Decedent's estate in an amount of $158,617.47 be paid to Petitioner, without prejudice to either party.

¶ 5 Respondent submitted a statement of Decedent's assets on 5 September 2018, which showed total assets of $670,625.35. In addition to real property, personal property, and life insurance benefits, the statement listed two accounts held by Decedent alone, naming Respondent the sole beneficiary, and three joint accounts held by Decedent and Respondent as joint tenants with rights of survivorship in the amounts of $386,630.39; $12,650.53; and $143,659.91, for a total of $542,940.83.

¶ 6 A hearing was held before the Clerk on 24 September 2018 to determine what percentage of the value of the joint accounts should be included in the value of Decedent's net estate. Respondent testified about his contributions to the three joint accounts as follows: Respondent deposited money into the joint accounts "a couple of different times." He deposited an unspecified amount in the year 2000 and again in 2010 or 2011, but did not have bank records confirming those deposits. He deposited $22,000 on 8 August 2014 and withdrew $35,000 that same day. Three days before Decedent died, Respondent transferred $250,000 from one of the joint accounts to another of the joint accounts. At the hearing, Respondent also informed the Clerk that Decedent's stepson, Anthony Gerringer, had filed a claim for $109,200 for personal services to the Decedent and Decedent's estate and that Respondent had denied the claim.

The Clerk entered her Order Awarding Elective Share ("Clerk's Order") on 7 November 2018, awarding Petitioner an elective share of fifty percent of the Decedent's net estate. The Clerk's Order found and concluded, in part:

> 8. Pursuant to the calculation of values listed on the Statement of Total Assets filed in this matter, the Total Assets of this Estate are $670,625.35.
>
> 9. Total Net Assets of the Estate are defined by North Carolina statute as the total assets reduced by claims and by year's allowances to persons other than the surviving spouse. One claim has been filed in this matter on October 4, 2018, by Anthony C. Gerringer, in the amount of $109,200.00. On September 6, 2018, the Executor filed a letter with the Clerk of Superior Court denying the claim made by Anthony C. Gerringer. No year's allowances to persons other than the surviving spouse have been allotted. Therefore, the Total Net Assets of this Estate are $670,625.35.
>
> 10. Pursuant to N.C. [Gen. Stat.] § 30-3.1, the applicable share of Total Net Assets to which the surviving spouse is entitled is ½ of Total Net Assets, a value of $335,312.68.
>
> 11. Pursuant to N.C. [Gen. Stat.] § 30-3.2, Property Passing to Surviving Spouse equals zero.
>
> 12. The amount of the elective share Petitioner is entitled to is determined by the following calculation: [$335,312.68 − 0 = $335,312.68.]
>
> 13. Parties agree that [Petitioner] has already received a partial distribution of her elective share in the amount of $158,617.47 from the Executor. The balance of the elective share then remaining due is $176,695.20. ($335,312.68 − $158,617.47 = $176,695.20).

The Clerk thus ordered Respondent to deliver a check to Petitioner in the

amount of $176,695.20.

Respondent, through counsel, appealed the Clerk's Order on 21 November 2018. Respondent's sole alleged error was that the Clerk "ordered that the elective share would be one-half (1/2) of the gross assets without taking into consideration in (sic) an outstanding claim in excess of $100,000.00. Thus, [the Clerk's] Order Awarding Elective Share entered on November 7, 2018 is not based upon the net estate." Between the time that Respondent filed his appeal and the time the appeal came on for hearing before the superior court, Respondent's attorney withdrew. The attorney filed a claim against the estate for attorney's fees for $9,541.

Respondent's appeal was heard by the superior court on 23 March 2021. Respondent, appearing pro se, argued that the Clerk's Order had failed to consider outstanding claims against the estate, including the Decedent's stepson's $109,200 claim and Respondent's counsel's claim for $9,541. The superior court *sua sponte* raised the issue of whether the Clerk had used the correct value of the joint accounts when calculating Decedent's net estate.

The superior court entered its Order Awarding Elective Share ("Superior Court's Order") on 21 April 2021 finding, in part:

> 13. That after the review this Court determined that []
> while the Assistant Clerk of Court found that pursuant
> to [N.C. Gen. Stat.] § 30-3.2(3f), fifty percent (50%) of the
> funds held in the joint accounts with the right of
> survivorship, listed on the statement of total assets filed

September 6, 2018, were to be included in the sum of values used to calculate total assets, that the Assistant Clerk of Court erroneously used the total amount of funds in the aforementioned accounts as part of her calculation of the Total Assets of the Estate that were to be used in calculating the elective share due to the Petitioner [].

14. That this Court agrees [N.C. Gen. Stat. §] 30-3.2(3f) allows only one half of the total funds in the joint accounts with the right of survivorship to be used in the calculation of Total Assets of the deceased when it comes to determining the amount of Petitioner's elective share.

15. That this Court recalculated only the Joint Accounts with Right of Survivorship using one half of the total amount in each account and finds the following:

. . . .

16. That when the recalculation is completed, the total of the Total Assets to be used in the calculation to determine the amount due Petitioner under the Elective Share statute is: $399,154.98.

. . . .

19. That this Court finds that attorney fees due out of the Estate are due to Attorney Tom Maddox in the amount of $9,541.00.

20. That this Court finds that claims due to be paid from the Estate are $11,989.30.

21. That this Court finds that Total Assets of the Estate of Bobby Ronald Gerringer are $399,154.98 − $21,530.30 = $377,624.68.

22. That this Court finds the Total Assets of the Estate of Bobby Ronald Gerringer is $377,624.68 for the purpose of calculating the Elective Share that is due to Petitioner [].

23. That this Court finds the Elective Share statute provides that Petitioner [] is entitled to one half of the Total Assets of the Estate of Bobby Ronald Gerringer which equates to: $377,624.68 [divided by] 2 = $188,812.34.

24. That this Court finds that the final amount remaining due to Petitioner [] from the Estate of Bobby Ronald Gerringer is: $188,812.34 – $158,617.47 = $30,194.87.

The superior court ordered Respondent to deliver a cashier's check to Petitioner "in the amount of $30,194.87 made payable to [Petitioner], representing the payment to her of the balance of the Claim for Elective Share owed to her." Petitioner timely appealed the Superior Court's Order.

## II. Discussion

### A. Standard of Review

The clerk of court has "jurisdiction of the administration, settlement, and distribution of estates of decedents including, but not limited to, estate proceedings as provided in [N.C. Gen. Stat. §] 28A-2-4." N.C. Gen. Stat. § 28A-2-1 (2021). Section 28A-2-4(a) provides that the clerk has "original jurisdiction of estate proceedings." *Id.* § 28A-2-4(a) (2021). "Estate proceedings" are "matter[s] initiated by petition related to the administration, distribution, or settlement of an estate, other than a special proceeding." *Id.* § 28A-1-1(1b). In estate proceedings, the clerk shall "determine all issues of fact and law . . . [and] enter an order or judgment, as appropriate, containing findings of fact and conclusions of law supporting the order or judgment." *Id.* § 1-301.3(b).

¶ 14     "On appeal to the superior court of an order of the clerk in matters of probate, the [superior] court . . . sits as an appellate court." *In re Estate of Pate*, 119 N.C. App. 400, 402, 459 S.E.2d 1, 2 (1995) (citation omitted).  The superior court's standard of review is as follows:

> Upon appeal, the judge of the superior court shall review the order or judgment of the clerk for the purpose of determining only the following:
>
>> (1) Whether the findings of fact are supported by the evidence.
>>
>> (2) Whether the conclusions of law are supported by the findings of facts.
>>
>> (3) Whether the order or judgment is consistent with the conclusions of law and applicable law.

N.C. Gen. Stat. § 1-301.3(d) (2021).

¶ 15     The appellant must make specific exceptions to any finding or conclusion in the clerk's order with which he disagrees.  *In re Swinson's Estate*, 62 N.C. App. 412, 415, 303 S.E.2d 361, 363 (1983).  "[T]he [superior court] may review any of the clerk's findings of fact when the finding is properly challenged by specific exception and may thereupon either affirm, modify or reverse the challenged findings."  *Id.* at 416, 303 S.E.2d at 363 (quoting *In re Taylor*, 293 N.C. 511, 519, 238 S.E.2d 774, 778 (1977)).  Unchallenged findings of fact "are presumed to be supported by competent evidence and are binding on appeal."  *In re Estate of Harper*, 269 N.C. App. 213, 215, 837 S.E.2d 602, 604 (2020) (citation omitted).

¶ 16    "The standard of review in [the Court of Appeals] is the same as in the superior court." *Pate*, 119 N.C. App. at 403, 459 S.E.2d at 2-3. Errors of law by the superior court, including whether the superior court has applied the correct standard of review, are reviewed de novo. *In re Estate of Johnson*, 264 N.C. App. 27, 32, 824 S.E.2d 857, 861 (2019).

**B. Superior Court's Review of Clerk's Order**

¶ 17    The dispositive issue on appeal is whether the superior court erred in its review of the Clerk's Order.

¶ 18    N.C. Gen. Stat. § 30-3.1(a), which governs the elective share of a surviving spouse, provides as follows:

> The surviving spouse of a decedent who dies domiciled in this State has a right to claim an 'elective share', which means an amount equal to (i) the applicable share of the Total Net Assets. . . less (ii) the value of Net Property Passing to Surviving Spouse[1] . . . .

N.C. Gen. Stat. § 30-3.1 (2021). The "applicable share" of the Total Net Assets for a surviving spouse who had been married to the decedent for 15 years or more is 50%. *Id.* § 30-3.1(a)(4). "Total Net Assets" are "[t]he total assets reduced by year's allowances to persons other than the surviving spouse and claims." *Id.* § 30-3.2(4).

---

[1] Net Property Passing to Surviving Spouse is "[t]he Property Passing to Surviving Spouse reduced by (i) death taxes attributable to property passing to surviving spouse, and (ii) claims payable out of, charged against or otherwise properly allocated to Property Passing to Surviving Spouse." N.C. Gen. Stat. § 30-3.2(2c) (2021).

"Total assets" are defined by N.C. Gen. Stat. § 30-3.2 and include property held jointly with right of survivorship. *Id.* § 30-3.2(3f)(c).

¶ 19    At the time that the Clerk heard the matter in September 2018 and entered the Clerk's Order in November 2018, N.C. Gen. Stat. § 30-3.2(3f)(c)(2) provided that

> property held by the decedent and one or more other persons other than the surviving spouse as joint tenants with right of survivorship is included [in the calculation of "total assets"] to the following extent:
>
> > I. All property attributable to the decedent's contribution.
> >
> > II. The decedent's pro rata share of property not attributable to the decedent's contribution, except to the extent of property attributable to contributions by a surviving joint tenant.
>
> The decedent is presumed to have contributed the jointly owned property unless otherwise proven by clear and convincing evidence.

N.C. Gen. Stat. § 30-3.2(3f)(c)(2) (2018).

¶ 20    However, between entry of the Clerk's Order in November 2018 and the superior court hearing Respondent's appeal in April 2021, the North Carolina General Assembly amended N.C. Gen. Stat. § 30-3.2(3f)(c). This amendment became effective on 30 June 2020 and "applies to estate proceedings to determine the elective share which are not final on [30 June 2020] because the proceeding is subject to further judicial review." S.L. 2020-60, § 1. The amended version of N.C. Gen. Stat.

§ 30-3.2(3f)(c)(2) reads as follows:[2]

> Property held by the decedent and one or more other persons as joint tenants with right of survivorship is included [in the calculation of "total assets"] to the extent of the decedent's pro rata share of property attributable to the decedent's contribution.
>
> The decedent and all other joint tenants are presumed to have contributed in-kind in accordance with their respective shares for the jointly owned property unless otherwise proven by clear and convincing evidence.

N.C. Gen. Stat. § 30-3.2(3f)(c) (2021).

In this case, Petitioner is seeking an elective share of Decedent's estate. The estate proceeding to determine Petitioner's elective share was not final on 30 June 2020 because the Clerk's Order was, and still is, subject to further judicial review.

---

[2] The amended N.C. Gen. Stat. § 30-3.2(3f)(c)(2) deleted the marked-through text and added the bolded text, as illustrated below:

> Property held by the decedent and one or more other persons ~~other than the surviving spouse~~ as joint tenants with right of survivorship is included [in the calculation of "total assets"] to the ~~following extent:~~
> > ~~I. All property attributable to the decedent's contribution.~~
> > ~~II. The~~ **extent of the** decedent's pro rata share of property ~~not~~ attributable to the decedent's **contribution**, ~~except to the extent of property attributable to contributions by a surviving joint tenant~~.
>
> The decedent ~~is~~ **and all other joint tenants are** presumed to have contributed **in-kind in accordance with their respective shares for** the jointly owned property unless ~~contribution by another is~~ **otherwise** proven by clear and convincing evidence.

Accordingly, while the former statute applied to the proceeding before the Clerk, the amended statute applied to the proceeding on appeal in the superior court. Consequently, the findings of fact and conclusions of law in the Clerk's Order were based on a statute that was no longer "good law" when the superior court reviewed it. As a result, the superior court could not review the Clerk's order under the applicable standard of review and should have remanded the matter to the Clerk with instructions to apply the amended statute.[3] *See, e.g.*, *Johnson*, 264 N.C. App. at 34, 824 S.E.2d at 862 ("When the order or judgment appealed from was entered under a misapprehension of the applicable law, the judgment, including the findings of fact and conclusions of law on which the judgment was based, will be vacated and the case remanded for further proceedings.") (citation omitted). In light of our holding, we do not reach Petitioner's remaining arguments.

## III.    Conclusion

We vacate the Superior Court's Order and remand the case to the superior court with instructions to remand to the clerk of court for further proceedings. The clerk of court may, in its discretion, receive more evidence.

VACATED AND REMANDED.

---

[3] It is not clear from the record or transcript that the superior court was aware that N.C. Gen. Stat. § 30-3.2 had changed between the date the matter was heard by the Clerk and the date the matter was heard in the superior court on appeal.

Judges ZACHARY and WOOD concur.