FLORA MOLINA HARRIS v. JETER CLARENCE HARRIS

(Filed 15 June 1962.)

**1. Divorce and Alimony § 18—**

Evidence that after the institution of an action for alimony without divorce, defendant's counsel discussed the settlement of the matters in controversy with counsel for plaintiff, *is held* to disclose that defendant's

HARRIS *v.* HARRIS.

counsel had sufficient authority to warrant the service of notice upon them of plaintiff's motion for a hearing for alimony *pendente lite*, G.S. 1-585, and therefore evidence that defendant's counsel had more than five days' notice of such motion is sufficient to support a finding that defendant had the notice required by G.S. 50-16.

**2. Same—**

Where, upon hearing of a motion for alimony *pendente lite* in the wife's action for alimony without divorce, there is evidence sufficient to support the court's finding that the parties were husband and wife, the order for alimony *pendente lite* will not be disturbed upon the husband's contention that he and plaintiff were not lawfully married, the matter being finally determinable upon the hearing upon the merits if the issue should be raised.

**3. Appearance § 2—**

While a defendant may challenge the validity of the process purporting to subject him to the jurisdiction of the court and at the same time deny the facts upon which plaintiff seeks relief, G.S. 1-134.1, where he appeals from the clerk's order denying his motion to dismiss the matter is properly before the Superior Court, G.S. 1-272, and if in the Superior Court defendant does not request a ruling on the motion to dismiss, but participates in the hearing of plaintiff's motion for alimony *pendente lite*, he waives the right to object to the validity of the process.

**4. Divorce and Alimony §§ 1, 16—**

While residence is a condition to the maintenance of an action for divorce in this State it is not required for an action for alimony without divorce, and where the husband abandons the wife while they are living in this State, our courts have jurisdiction of an action for alimony without divorce based upon such abandonment, G.S. 50-16, notwithstanding the parties are domiciled in another state.

**5. Divorce and Alimony § 18—**

While the court, ordering alimony *pendente lite*, has authority to secure as much of the husband's estate as may be necessary to insure compliance with its order, G.S. 50-16, where the husband has realty in this State and the order for alimony *pendente lite* is made a lien thereon, and it further appears that the husband has a large income from properties in this State, it is error for the court *sua sponte* to order a receiver to take over all of defendant's property, since the record fails to show the necessity for the appointment of the receiver.

APPEAL by defendant from *Williams, J.,* December 1961 Criminal Term of ALAMANCE.

This action for alimony without divorce was begun 12 December 1961. Judge Williams, on plaintiff's application, made an order for alimony *pendente lite* and counsel fees. He adjudged the payments to be made a lien on defendant's real property and appointed a receiver to take possession of all of defendant's real and personal property.

Defendant challenged the court's right to hear plaintiff's motion for alimony *pendente lite*, asserting he had not been given five days' notice as required by G.S. 50-16. The court, upon findings, concluded that the required notice had been given. Defendant then sought a continuance. This was denied. The court heard evidence, found facts on which it based its order awarding alimony. Defendant, having excepted to the findings and orders overruling his motions, appealed.

*Cooper & Cooper for plaintiff appellee.*
*Dalton, Long & Latham and Edgar Dameron, Jr. for defendant appellant.*

RODMAN, J. Appellant in his brief enumerates five questions presented by the appeal. Each is discussed only so far as necessary to dispose of the present appeal.

1. Was proper notice of the hearing below given, and, if not, were sufficient facts shown to dispense with the necessity for such notice?

The answer is yes. The complaint alleges: Plaintiff and defendant were residents of Horry County, S. C., temporarily residing in Alamance County, where defendant has property and business interests. Defendant, on 8 September 1961, without cause or excuse, abandoned plaintiff.

The record discloses these additional facts: Summons for defendant issued to Alamance County on 12 September 1961. It was returned "not to be found." Based on plaintiff's affidavit that defendant was secreting himself, plaintiff obtained warrant of attachment and order of publication. Certain of defendant's properties were attached. Notice of the institution of the action was published in a Burlington paper. On 10 November 1961 defendant entered a special appearance before the clerk and moved to dismiss for the asserted reason that the published notice was defective in that it failed to tell him when he was required to answer. The motion to dismiss was overruled. Defendant excepted and appealed. On 30 November 1961 plaintiff directed a notice to "W. R. Dalton, Jr. and E. S. W. Dameron, Jr., Attorneys for the defendant, Jeter Clarence Harris," notifying them plaintiff would, on 8 December, seek from the presiding judge an order allowing plaintiff alimony *pendente lite*. This notice was served on named counsel on 2 December 1961. Defendant assertedly appearing specially moved to strike the notice of the hearing. Judge Williams, in overruling the motion and in an order rejecting defendant's motion for a continuance, found these facts: That from approximately October 15, 1961 to November 30, 1961, W. R. Dalton, Jr. and E. S. W. Dameron, Jr., attorneys for the defendant, had in their possession all of the

original official Court documents relating to this case and had conferences with the attorneys for the plaintiff with reference to the possibility of settlement of the case and with reference to the possible opening of safe deposit boxes rented by the defendant in the National Bank of Alamance . . . the defendant has been continuously in Alamance County at his farm cottage and available for conferences with his counsel from several weeks prior to December 2, 1961, to present date . . . counsel for defendant have participated in hearings and matters ancillary to this main action since its institution to the present date and had in their possession, from approximately October 15, 1961, to November 30, 1961, the official original Court file in this case . . ."

Defendant has taken no exception to the foregoing findings.

Notice of a motion may be given defendant personally, or it may be given his attorney. G.S. 1-585. The court's finding that counsel for defendant had discussed settlement of the matters in controversy with counsel for plaintiff necessarily implies the discussion was authorized by defendant. An attorney with such authority comes within the statutory provision defining the manner by which notice of a motion for a hearing may be given defendant.

Messrs. Dalton and Dameron, as attorneys for defendant, had entered a special appearance and moved to vacate the warrant of attachment and dismiss the action for asserted defects in the process by which plaintiff sought to bring defendant into court. Such appearance was sufficient to authorize service of notice on them of a motion for a hearing on the merits.

It is perhaps significant that defendant does not assert that he was not promptly informed by his counsel of plaintiff's demand for a hearing. He sought a continuance, but not on the ground that he had not been notified. To the contrary, he sought the continuance to give him time to investigate the merits of plaintiff's claim, a matter which the court finds had been the subject of discussions looking to a settlement for nearly sixty days. The court did not err in concluding that the requirements of G.S. 50-16, of five days' notice of hearing to the defendant, had been complied with.

Defendant's fifth question is a challenge to the sufficiency of the evidence to support the finding that plaintiff and defendant are husband and wife. Although defendant has filed no answer controverting the allegations of the complaint entitling plaintiff to alimony, defendant insists the evidence offered at the hearing for subsistence and counsel fees conclusively demonstrated plaintiff and defendant are not, as alleged, husband and wife; hence plaintiff is not entitled to look to defendant for her support. Defendant offered evidence that a decree of

divorce from a prior wife obtained in Alabama on 19 February 1959 was, on 24 February 1961, declared void by the Alabama court. Hence, he says, his marriage to plaintiff in Georgia on 19 February 1959 was a nullity. But the evidence also shows that defendant was subsequently granted a divorce in Alamance County, N. C. The validity of that divorce is not challenged. Plaintiff and defendant, residents of South Carolina, lived there as husband and wife subsequent to the rendition of the Alamance decree divorcing defendant from his prior wife. South Carolina recognizes common law marriages. *Tedder v. Tedder*, 94 S.E. 19; *Rodgers v. Herron*, 85 S.E. 2d 104, 48 A.L.R. 2d 1241. If the relation of plaintiff and defendant subsequent to defendant's valid divorce was sufficient to constitute a valid marriage in South Carolina, such marriage would be given full recognition in this State. *S. v. Ross*, 76 N.C. 242. Defendant's own evidence is sufficient to establish the fact that he abandoned plaintiff in North Carolina when they were living at his farm in Alamance County as husband and wife.

Judge Williams found as a fact the parties are husband and wife. This is the crucial question. The place of marriage is immaterial. The question of the sufficiency of plaintiff's allegations to show a marriage in South Carolina is not presently before us. There is evidence to support a finding of marriage. The evidence on this question will undoubtedly be more fully developed if and when a proper issue is raised by denial by defendant that he and plaintiff were married. Defendant's exception to the finding that he and plaintiff "are husband and wife" is overruled.

Defendant, when he applied to the court to strike plaintiff's notice of her motion for an order for subsistence, said he was appearing specially. When that motion and his motion for a continuance were overruled, he filed "SPECIAL APPEARANCE AND AFFIDAVIT." This gave defendant's version of the facts which would defeat plaintiff's claim for subsistence.

A defendant may now by answer challenge the validity of process purporting to subject him to the jurisdiction of the court and deny the facts on which plaintiff seeks relief. G.S. 1-134.1. But if he proceeds to a hearing on the merits without having the court pass on his objection to the process, he waives that objection. *In re Blalock*, 233 N.C. 493 (504), 64 S.E. 2d 848; *Bank v. Derby*, 215 N.C. 669, 2 S.E. 2d 875; *Scott v. Life Association*, 137 N.C. 515. Had defendant wished to preserve his special appearance, he should have requested a ruling, and, if adverse, taken an exception. His appeal from the clerk's order overruling his special appearance was properly before the court. G.S. 1-272. Defendant is now before the court on a general appearance.

Defendant's seventh exception and fourth question is directed to the order awarding subsistence and counsel fees. He contends the court did not have jurisdiction to hear plaintiff's claim since neither of the parties was domiciled in North Carolina, nor did the asserted marriage occur in North Carolina. The home of the parties is, according to the complaint and testimony, in Horry County, S. C., but they are frequent visitors to Alamance County, N. C., where defendant has large property interest, including a farm and a house which he and plaintiff occupied on their visits to North Carolina. It was during a visit to this State and while the parties were living at defendant's farm that he abandoned plaintiff. Plaintiff's right of action arose here. Residence is, under our statutes, a condition to the maintenance of an action for divorce. This is not true of an action brought under G.S. 50-16. We perceive no sound reason why, under the facts of this case, the courts of this State should refuse to hear plaintiff and render such judgment as justice may require. *Walters v. Breeder,* 48 N.C. 64; *Howell v. Howell,* 154 So. 328; *Kiplinger v. Kiplinger,* 2 So. 2d 870; *George v. George,* 23 A. 2d 599. The varying views of courts dependent on varying statutes and facts are indicated in 42 C.J.S. 220 and 27 Am. Jur. 25, 26.

The remaining question argued by defendant relates to that portion of the order awarding alimony which appoints a receiver "directed to take possession of all the defendant's properties, both real and personal, tangible and intangible, located in the State of North Carolina, with full authority and power to collect all rents and profits therefrom and, after the payment of all expenses for its conservation and maintenance, including taxes, insurance and other costs, including costs of this action and reasonable allowance to said Receiver, pay the remainder to the Clerk of this Court for application upon this judgment and to hold the remainder, if any, subject to the further orders of this Court."

Plaintiff's motion for alimony was heard 8 December 1961. The parties agreed the court might sign such order as it deemed appropriate in or out of the district. The order bears date of 30 December 1961. It was filed 2 February 1962. Plaintiff had not requested the appointment of a receiver, apparently not deeming such action necessary for the protection of her rights. The provision for a receiver to take possession of *all* of defendant's property was inserted by the court *sua sponte.* Accepting plaintiff's estimate of defendant's financial condition as correct, it does not appear necessary for her protection to exclude defendant from control of *all* of his property. He has, according to plaintiff, an annual income of $36,000, derived in part from rent from sixty houses, an apartment house, business buildings, a farm, all in North Carolina, in addition to vacant properties in Burlington.

By the express language of the order, sums to be paid plaintiff are liens on all defendant's real estate.

When a court awards alimony *pendente lite*, it has authority "to cause the husband to secure so much of his estate" as may be necessary to comply with its order. G.S. 50-16. Such order as may be necessary for the protection of the wife is the limit of the court's authority. It cannot penalize defendant unless and until he refuses to comply with the court's direction. *Mercer v. Mercer*, 253 N.C. 164, 116 S.E. 2d 443; 27B C.J.S. Divorce, sec. 270; 17 Am. Jur. 686-7.

Since plaintiff did not seek the appointment of a receiver and the record does not show the necessity therefor, the order will be modified by striking therefrom that portion appointing a receiver. This modification is, of course, without prejudice to plaintiff's right to hereafter move in the Superior Court for such order as may be necessary to secure compliance with that portion of the order which directs payment of monthly sums for plaintiff's subsistence and counsel fees.

The order, modified as directed in this opinion, is

Affirmed.