***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gregory and the briefs and oral arguments of the parties. The appealing party has shown good grounds to reconsider the evidence. The Full Commission reverses the Opinion and Award of Deputy Commissioner Gregory and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On June 26, 2003, John Muller, plaintiff-employee (hereinafter "decedent"), was shot to death during an attempted robbery in the course and scope of his employment with defendant-employer.
2. On June 26, 2003, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. At the time of the admittedly compensable fatality, decedent's average weekly wage was $310.00 per week, yielding a compensation rate of $206.65 per week.
4. At the time of his death, decedent had four children: Carnell Antonio Muller, born October 9, 1992; Avery Allen Evans, born December 29, 1992; Justin Lamar Muller, born April 25, 1994; and Devin John Muller, born June 30, 1997.
5. The mother of Avery Allen Evans and Devin John Muller is Joli Evans. Although decedent and Joli Evans were not married through a formal marriage process, they cohabited and held themselves out as "common law" husband and wife, first in South Carolina and then in North Carolina, from late 1994 until decedent's death.
6. Decedent and Joli Evans agreed to live together as "common law" husband and wife and held themselves out to their family and to the public as "common law" husband and wife. There were no impediments to their "common law" marriage.
7. At the time of decedent's death, both Avery Allen Evans and Devin John Muller resided with decedent and Joli Evans, and were wholly dependent upon decedent's earnings for their financial support.
8. Pursuant to N.C. Gen. Stat. § 97-39, Justin Lamar Muller and Carnell Antonio Muller were wholly dependent on decedent at the time of his death.
9. A test of blood drawn on July 24, 1994 from decedent, Joli Evans and Avery Allen Evans, established a 99.15% probability that decedent was the father of Avery Allen Evans.
10. A test of blood drawn on January 18, 2000 from decedent, Shunte McLemore and Justin Lamar Muller, established a 99.89% probability that decedent was the father of Justin Lamar Muller.
11. A test of blood drawn on January 18, 2000 from decedent, Shunte McLemore and Justin Lamar Muller, established a 99.93% probability that decedent was the father of Carnell Antonio Muller.
12. North Carolina General Statutes § 49-14(b) and (d) require a showing of only 96% likelihood of paternity for a finding a clear, cogent and convincing evidence of paternity.
13. Decedent recognized both Avery Allen Evans and Devin John Muller as his sons and demonstrated that they were his sons through his actions and his conduct in numerous ways: Avery Allen Evans resided with decedent continuously from a time shortly after his birth and after paternity was established in 1994 until decedent's death; Devin John Muller resided with decedent from birth until decedent's death; decedent introduced the boys as his sons to friends and family; decedent considered himself responsible for and admitted his responsibility for the financial support for his sons, and he was the sole breadwinner for his sons throughout most of their lives; Avery Allen Evans and Devin John Muller were financially dependent upon decedent for a period of more than three months before his death; and Avery Allen Evans and Devin John Muller always called decedent "dad" or "daddy."
14. The issues before the Commission are who are the dependents of decedent and to what benefits are they entitled to receive, pursuant to N.C. Gen. Stat. §§ 97-38;97-39.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. On June 26, 2003, decedent was shot and killed during an attempted robbery arising out of and in the course of his employment with defendant-employer. At the time of his death, decedent left four surviving illegitimate children: Avery Allen Evans, Devin John Muller, Justin Lamar Muller and Carnell Antonio Muller. Prior to his death, decedent acknowledged that he was the father of Avery Allen Evans, Devin John Muller, Justin Lamar Muller, and Carnell Antonio Muller.
2. Decedent and Joli Evans began dating in approximately 1990 and she gave birth to Avery Allen Evans on December 20, 1992. From 1992 until 1994 decedent and Joli Evans lived together periodically in South Carolina. Beginning in late 1994 decedent and Joli Evans began cohabitating in South Carolina until moving to Charlotte, North Carolina, in 1998, where they continued to cohabitate until decedent's death. Decedent and Joli Evans did not cohabitate during times when decedent was incarcerated or in drug rehabilitation.
3. During the time period in which decedent and Joli Evans were dating and then later cohabitating in South Carolina, decedent fathered two children with Shunte McLemore: Carnell Antonio Muller, born on October 9, 1992, and Justin Lamar Muller, born on April 25, 1994. Thereafter, decedent fathered a second child, Devin John Muller, with Joli Evans on June 30, 1997. During the period of cohabitation, Joli Evans and decedent lived with Joli Evans' mother for approximately one year in South Carolina. Decedent and Joli Evans' mother then moved to Charlotte, North Carolina, where decedent spent approximately one year in drug rehabilitation before moving in with Joli Evans' mother. Joli Evans remained in South Carolina, but eventually moved to Charlotte and began living with her mother and decedent, approximately six months after decedent completed an in-patient rehabilitation program.
4. Decedent resided with his minor children, Avery Allen Evans and Devin John Muller, and provided them with food and clothing. In addition, decedent referred to Avery Allen Evans and Devin John Muller as his "sons" when interacting with other people. Furthermore, following decedent's death, Avery Allen Evans and Devin John Muller received death benefits from the Social Security Administration.
5. Decedent paid child support for the care and maintenance of his minor children, Justin Lamar Muller and Carnell Antonio Muller, and expressed to Joli Evans that both were his sons. Furthermore, Justin Lamar Muller and Carnell Antonio Muller have received death benefits from the Social Security Administration since the death of decedent.
6. Decedent celebrated holidays and birthdays with Avery Allen Evans, Devin John Muller, Justin Lamar Muller and Carnell Antonio Muller. In addition, Justin Lamar Muller and Carnell Antonio Muller visited decedent's home and spent time with decedent, Joli Evans, Avery Allen Evans and Devin John Muller as a family.
7. In approximately 1997 and then again in 1999, decedent asked Joli Evans to marry him, but they never married, due to his problems with drug addiction and incarceration. Decedent and Joli Evans were never issued a valid marriage license from any state, but did hold themselves out as common law husband and wife to family and friends, beginning in 1994 when Avery Allen Evans was one and a half years old.
8. Joli Evans is not disabled from working and worked and earned wages during the course of her relationship with decedent.
9. At the time of his death, decedent was survived by his common law wife, Joli Evans, and his four minor children, Avery Allen Evans, Devin John Muller, Justin Lamar Muller, and Carnell Antonio Muller. Decedent was not survived by any other person who was either wholly or partially dependent upon him for their support.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Decedent was killed as a result of an injury by accident arising out of and in the course of his employment with defendant-employer on June 26, 2003. N.C. Gen. Stat. § 97-2(6).
2. Common law marriages are invalid in North Carolina. State v. Alford, 298 N.C. 465, 259 S.E.2d 242
(1979); State v. Wilson, 121 N.C. 650, 28 S.E. 416
(1897). However, our courts have held that if the relationship between a man and wife is sufficient to constitute a common law marriage that is recognized as valid in other states, such marriage will be given full recognition in this State. Harris v. Harris, 257 N.C. 416,126 S.E.2d 83 (1962). South Carolina case law recognizes common law marriages where the evidence shows long-term cohabitation and a reputation in the community as husband and wife. Jeanes v. Jeanes, 255 S.C. 161,177 S.E.2d 537 (1970). "Thus, if a party claiming a common-law marriage presents proof of apparently matrimonial cohabitation and long-term social acceptance of the couple as married, a presumption arises that the couple entered into a common-law marriage, notwithstanding the absence of any proof of an express agreement to enter into a common-law marriage." Barkerv. Baker, 330 S.C. 361, 368-369, 499 S.E.2d 503, 508
(1998).
3. In the present case, the parties stipulated in the Pre-Trial Submission that decedent and Joli Evans cohabitated and held themselves out to their family and to the public as common law husband and wife, first in South Carolina from late 1994 until 1998 and then in North Carolina from 1998 until decedent's death. The parties also stipulated that there were no impediments to the common law marriage of decedent and Joli Evans. A stipulation to a fact eliminates the necessity of submitting that issue of fact to the fact-finder. Stipulated facts are deemed established as if they were determined by the verdict of a jury. Smith v. N.C. Dep'tof Transp., 156 N.C. App. 92, 103, 576 S.E.2d 345, 353
(2003). A stipulation is binding unless there has been error due to fraud, misrepresentation, undue influence, or mistake. Moore v. Concrete Supply Company,149 N.C. App. 381, 561 S.E.2d 315 (2002).
4. Based upon the parties' stipulations, under South Carolina law Joli Evans was decedent's common law wife and must be recognized as such in this State. Harris v.Harris, supra. Joli Evans is therefore conclusively presumed to be wholly dependent on decedent at the time of his death. N.C. Gen. Stat. § 97-39. Joli Evans was not disabled and unable to support herself at the time of decedent's death, therefore, she is not entitled to lifetime death benefits. N.C. Gen. Stat. § 97-38.
5. Avery Allen Evans, Devin John Muller, Justin Lamar Muller and Carnell Antonio Muller are the acknowledged illegitimate children of decedent as defined by N.C. Gen. Stat. § 97-2 (12).
6. Joli Evans, Avery Allen Evans, Devin John Muller, Justin Lamar Muller and Carnell Antonio Muller were wholly dependent upon decedent at the time of his death and are therefore entitled to the death benefits, share and share alike. N.C. Gen. Stat. §§ 97-38; 97-39. Decedent did not leave any other persons who were either wholly or partially dependent upon him for support.
7. Joli Evans is entitled to receive one-fifth of the death benefits at the rate of $41.33 per week for 400 weeks beginning June 26, 2003. The minor children, Avery Allen Evans, Devin John Muller, Justin Lamar Muller and Carnell Antonio Muller, are each entitled to receive one-fifth of the death benefits in the amount of $41.33 per week for 400 weeks beginning June 26, 2003 or until each child reaches the age of 18, whichever occurs last. N.C. Gen. Stat. § 97-38.
8. Plaintiffs are entitled to the payment of the medical expenses incurred for the treatment of decedent's injuries sustained as a result of the compensable accident. N.C. Gen. Stat. § 97-25.
9. Defendants shall pay funeral expenses not to exceed $3,500.00 to the appropriate party who provided or previously paid for such services. N.C. Gen. Stat. § 97-38.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fees approved below, defendants shall pay a one-fifth share of death benefits, in the amount of $41.33 per week to Joli Evans for 400 weeks from June 26, 2003. Those amounts which have accrued shall be paid in a lump sum.
2. Defendants shall pay a one-fifth share of death benefits, in the amount of $41.33 per week, to each minor child, Avery Allen Evans, Devin John Muller, Justin Lamar Muller, and Carnell Antonio Muller, for 400 weeks from June 26, 2003, or until each child attains the age of majority, whichever is longer.
3. All benefit payments to the minor children shall be made to the Office of the Clerk of Court in the county in which the children reside. All benefits accrued up to and including the filing date of this Opinion and Award shall be paid in a lump sum.
4. Defendants shall pay for all medical expenses incurred as a result of the compensable injuries sustained by decedent.
5. Defendants shall pay burial expenses not exceeding $3,500.00 to the person or persons entitled thereto.
6. A reasonable attorney's fee of 25% of the compensation paid to Joli Evans in Paragraph 1 above is hereby awarded to Joli Evans' counsel. The amount that has accrued shall be deducted from Joli Evans' compensation and paid directly to counsel. Thereafter, counsel shall receive every fourth compensation check due Joli Evans under this Award.
7. A reasonable attorney's fee shall be awarded Ronald L. Gibson, attorney, and Martha C. Odom, guardian adlitem, for Avery Allen Evans and Devin John Muller. However, because the right to benefits for these minor children was not disputed, an attorney's fee of 25% of the compensation awarded is not deemed reasonable. Mr. Gibson and Ms. Odom shall submit their statements for legal and guardian ad litem services rendered on behalf of Avery Allen Evans and Devin John Muller to the Commission. Upon receipt of the statements, the Commission will approve a reasonable fee for Mr. Gibson and Ms. Odom. These fees, when approved, shall be deducted from the accrued benefits due Avery Allen Evans and Devin John Muller. Defendants shall hold the accrued benefits due Avery Allen Evans and Devin John Muller in trust until payment of the legal fees is approved by the Commission.
8. Defendants shall pay the costs of this action.
This 28th day of September 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
 S/____________ BUCK LATTIMORE CHAIRMAN