IN THE MATTER OF THE ESTATE OF: ELIZABETH N. WHITAKER

No. COA05-1328

(Filed 5 September 2006)

## 1. Jurisdiction— subject matter—settlement agreements— oral settlement

The trial court did not lack subject matter jurisdiction in an action seeking enforcement of a settlement entered into by petitioner and respondents, because: (1) contrary to petitioner's assertions, the order and judgment in Whitaker I did not address the administration, settlement, and distribution of estates of decedents under N.C.G.S. § 28A-2-1, but instead involved petitioner's claims that respondents were not complying with the parties' prior settlement agreements arising out of a mediation which are matters within the superior court's subject matter jurisdiction; and (2) the superior court also had jurisdiction over petitioner's lawsuit relating to the memorandum, the amendment, and the trust agreement not resolved by the first trial court after the parties reached an oral settlement of those remaining issues with the judgment merely enforcing the settlement entered on the record.

## 2. Appeal and Error— notice of appeal—general objection

Although petitioner contends the trial court erred when it stated that petitioner's notice of appeal made only a general objection to the clerk's order, petitioner failed to demonstrate any harm from the trial court's observation, because: (1) despite its belief that petitioner's notice of appeal was inadequate because it constituted only a general objection, the trial court conducted a full review of the clerk's order; and (2) the notice of appeal did constitute only a general objection under N.C.G.S. § 1-301.3 when petitioner's appeal to the superior court did not refer specifically to any of the clerk's sixty-six findings of fact and constituted only a broadside attack on the findings of fact.

Appeal by petitioner from an order entered 2 June 2005 by Judge Ronald E. Spivey in Forsyth County Superior Court. Heard in the Court of Appeals 12 April 2006.

*Ross Law Firm, by C. Thomas Ross, for petitioner-appellant.*

*Bell, Davis & Pitt, P.A., by William K. Davis, Alan M. Ruley, and Edward B. Davis, for respondents-appellees.*

GEER, Judge.

In an apparent attempt to avoid this Court's decision in *Whitaker v. Whitaker*, 169 N.C. App. 256, 611 S.E.2d 899, 2005 N.C. App. LEXIS 550, 2005 WL 589482 (Mar. 15, 2005) (unpublished) (hereinafter "*Whitaker I*"), affirming the trial court's enforcement of a settlement entered into by petitioner Louisa B. Whitaker and respondents, petitioner requested in this action that the clerk of superior court and the superior court declare as void for lack of subject matter jurisdiction *Whitaker I* and its underlying orders. Petitioner appeals from the superior court's order affirming the clerk's order, asserting that both the superior court and the clerk erred in rejecting her subject matter jurisdiction argument. Even assuming that petitioner's argument was properly raised in this proceeding, because the lawsuit in *Whitaker I* was a breach of contract action brought *by petitioner* to enforce various settlement agreements entered into by the parties and did not involve issues within the exclusive jurisdiction of the clerk, we affirm.

Facts

Respondents (John C. Whitaker, Elizabeth N. Whitaker, II, and William A. Whitaker) and petitioner, who are all siblings, have been involved in a series of legal disputes relating to their mother and the administration of her estate for the past seven years. In 1991, the parties' mother named respondent John Whitaker and petitioner as her attorneys-in-fact. In 1999, respondents filed a petition alleging various acts of misfeasance by petitioner and sought to have her removed as attorney-in-fact (the "Special Proceeding").

Before the Special Proceeding was resolved, the parties' mother died, an estate file was opened (the "Estate Proceeding"), and the mother's will was admitted to probate. When the parties could not agree on the administration of their mother's estate, they participated in mediation with Judge James M. Long, a retired superior court judge. That mediation resulted in a handwritten Memorandum of Mediated Settlement Agreement (the "Memorandum"). Subsequently, petitioner refused to execute any formalized version of the Memorandum.

Under their mother's will, petitioner and respondents inherited, among other things, multiple pieces of real property as joint tenants. Krispy Kreme Doughnut Corporation approached the parties about the possibility of building Krispy Kreme's corporate headquarters on a portion of this real estate. Respondents and petitioner then exe-

cuted an Amendment to Memorandum of Mediated Settlement Agreement (the "Amendment"). The Amendment provided that respondent John Whitaker would be the sole spokesperson and negotiator for the family with Krispy Kreme and that a vote of three out of the four siblings would be binding on the entire group. Additionally, the Amendment provided that respondents would voluntarily dismiss the Special Proceeding and the parties would "[t]ake such steps as are necessary" to begin administration of their mother's estate, including appointing both respondent John Whitaker and petitioner as co-executors.

After extensive negotiations, a tentative agreement was reached between respondent John Whitaker and Krispy Kreme. Respondents thereafter executed the necessary documents for the sale of the property. Although the Amendment required petitioner to do the same, when she was asked to execute the documents necessary to finalize the sale, she refused, and the sale to Krispy Kreme fell through.

Petitioner then sued respondents in superior court (civil action number 02 CVS 1327), asserting three claims for relief: (1) breach of contract, alleging that respondents had breached the Memorandum and the Amendment; (2) breach of a trust agreement relating to their mother's estate; and (3) a request for a declaratory judgment that petitioner was not bound by the terms of the Amendment. Respondents counterclaimed for breach of contract, interference with contract, unfair and deceptive trade practices, fraud, and punitive damages.

The parties filed cross-motions for partial summary judgment, which were granted in part and denied in part by Judge Clarence E. Horton, Jr. With respect to petitioner's claim that defendants had breached the Memorandum and the Amendment by refusing to approve payment of $40,937.50 in executor's fees, Judge Horton observed that the parties were in agreement on the issue and ordered that petitioner was entitled to executor's fees of $40,937.50, and respondent John Whitaker was entitled to executor's fees of $59,062.50. Judge Horton's order further provided that "summary judgment is granted in favor of [respondents] on [petitioner's] claim for reimbursement for estate expenses," but that "this ruling is without prejudice to the right of [petitioner] . . . to seek reimbursement of alleged estate expenses in the pending estate proceeding before the Clerk." Additionally, Judge Horton's order concluded that, under the terms of the Memorandum and the Amendment, "the attorneys for each side *may* be paid fees and expenses by or on behalf of the estate

to a maximum of $35,000.00" and, therefore, ordered that "each side's attorney's fees and expenses *shall* be paid by or on behalf of the Estate, up to a maximum of $35,000.00." (Emphasis added.) Judge Horton made various other rulings regarding petitioner's claims that are not pertinent to this appeal.

The case proceeded to trial before Judge Russell G. Walker, and, at the close of petitioner's evidence, Judge Walker granted a directed verdict for respondents on all but one of petitioner's remaining claims. At that point, with respondents' counterclaims remaining to be tried, the parties negotiated a settlement in which petitioner agreed to convey her interest in the disputed real estate to respondents. Judge Walker thereafter convened a hearing at which the attorneys read the terms of the settlement into the record, which included: (1) respondents would pay petitioner $1.35 million; (2) petitioner would "execute deeds prepared by [respondents'] counsel"; (3) petitioner could remove a portion of the fixtures attached to the real estate; (4) executors' commissions and attorneys' fees were to be paid in accordance with Judge Horton's order; (5) the amounts remaining in the estate, after payment of the applicable attorneys', executors', and mediator fees, would be divided equally among the parties; (6) the parties would execute "[c]omplete mutual general releases"; and (7) any further disputes would be subject to binding arbitration.

When counsel for petitioner asked whether the agreement would be reduced to writing, counsel for respondents stated: "I hope we have more success than we did [previously], but if we don't, we have a judge who can help us because we're stating this on the record in the presence of the Court so that the Court can then enforce the settlement agreement." Judge Walker then asked each of the parties, "Do you agree and accept this settlement agreement and will you sign, execute and do whatever else is necessary—the documents that are necessary to bring this about?" Petitioner and each of the respondents stated their assent on the record.

Petitioner ultimately refused to sign a written settlement agreement. Consequently, on 3 July 2003, respondents moved the trial court for entry of a judgment consistent with the terms of the settlement as stated on the record. Judge Walker granted the motion, and, on 14 July 2003, entered judgment setting forth the terms of the settlement. Petitioner appealed, and this Court affirmed the trial court's judgment in *Whitaker I.*

Following this Court's decision in *Whitaker I*, petitioner filed a petition in the Estate Proceeding seeking, among other things, reimbursement for expenses and attorneys' fees she claimed she incurred as co-executor of her mother's estate. On 18 February 2005, after holding a hearing on the matter, the clerk entered findings of fact and conclusions of law in a 21-page document that included 66 findings of fact and concluded that petitioner's request for reimbursement should be granted in part and denied in part.

On the same date, the clerk entered an order setting forth her precise rulings on each request. She denied the request for reimbursement for flowers, for grave lot cleaning, in part for rug cleaning, for mileage and other expenses, and for additional legal fees above the $35,000.00 already paid to the attorneys for each side. She granted the request for reimbursement for a grave marker, for a real estate appraisal, in part for rug cleaning, and for moving expenses and repair costs. Petitioner appealed to the superior court.

After holding a hearing on petitioner's appeal, Judge Ronald E. Spivey entered an order on 2 June 2005. In his order, he noted that petitioner, in addition to asking the court to vacate the clerk's order, "sought to have this Court declare as null and void, for lack of subject matter jurisdiction, (1) the Order of The Honorable Clarence E. Horton, Jr., filed on May 15, 2003, in Civil Action No. 02 CVS 1327, in Forsyth County Superior Court; (2) the Judgment signed by The Honorable Russell G. Walker, Jr., and filed on July 14, 2003, in 02 CVS 1327; and (3) the Order of the North Carolina Court of Appeals, filed on March 15, 2005, No. COA 04-10, which affirmed the Judgment of Judge Walker in 02 CVS 1327 in its entirety." Judge Spivey concluded that the clerk's findings of fact were supported by the evidence and that the conclusions of law were supported by the findings of fact. He, therefore, affirmed the clerk's findings of fact, conclusions of law, and order in their entirety. Judge Spivey further ruled that the arguments regarding the orders and Court of Appeals opinion in *Whitaker I* constituted "an impermissible collateral attack . . . and that estoppel applies to prevent such an attack." Petitioner timely appealed to this Court from Judge Spivey's order.

I

[1] All but one of petitioner's 10 assignments of error are based upon petitioner's contention that Judge Horton's order and Judge Walker's judgment in 02 CVS 1327 (which was affirmed in *Whitaker I*) are void because of a lack of subject matter jurisdiction. We need not address

the specifics of each assignment of error or whether Judge Spivey properly concluded this argument constituted an impermissible collateral attack since we hold that the superior court did not lack subject matter jurisdiction.

"[O]riginal general jurisdiction of all justiciable matters of a civil nature cognizable in the General Court of Justice is vested in the aggregate in the superior court division and the district court division . . . ." N.C. Gen. Stat. § 7A-240 (2005). "It is, therefore, evident that except for areas specifically placing jurisdiction elsewhere (such as claims under the Workers' Compensation Act) the trial courts of North Carolina have subject matter jurisdiction over all justiciable matters of a civil nature." *Harris v. Pembaur*, 84 N.C. App. 666, 668, 353 S.E.2d 673, 675 (1987) (internal quotation marks omitted).

Petitioner contends that *Whitaker I* did not involve a general civil matter, but rather resolved issues within the original and exclusive jurisdiction of the clerk of superior court. Under N.C. Gen. Stat. § 7A-241 (2005), "[e]xclusive original jurisdiction for the probate of wills and the administration of decedents' estates is vested in the superior court division, and is exercised by the superior courts and by the clerks of superior court as ex officio judges of probate according to the practice and procedure provided by law." Thus, it is "[t]he clerk of superior court of each county . . . [that has] jurisdiction of the administration, settlement, and distribution of estates of decedents . . . ." N.C. Gen. Stat. § 28A-2-1 (2005). *See also In re Estate of Adamee*, 291 N.C. 386, 395, 230 S.E.2d 541, 548 (1976) ("These statutes . . . clearly give the clerk exclusive original probate jurisdiction.").

Nevertheless, contrary to petitioner's contentions, the order and judgment in *Whitaker I* did not address "the administration, settlement, and distribution of estates of decedents . . . ." N.C. Gen. Stat. § 28A-2-1. Rather, the *Whitaker I* litigation involved petitioner's claims that respondents were not complying with the parties' prior settlement agreements arising out of a mediation. In his partial summary judgment order, Judge Horton was determining whether there were issues of fact regarding the terms of the parties' agreement following the mediation. There can be no doubt that the superior court has subject matter jurisdiction over such claims. *See, e.g., Chappell v. Roth*, 353 N.C. 690, 692, 548 S.E.2d 499, 500 (2001) ("This Court has previously stated that compromise agreements, such as the mediated settlement agreement reached by the parties in this case, are governed by general principles of contract law."); *DeGree v. DeGree*, 72

N.C. App. 668, 670, 325 S.E.2d 36, 37 ("ordinary contract[s]" are enforceable by trial courts), *disc. review denied*, 313 N.C. 598, 330 S.E.2d 607 (1985).

Subsequently, petitioner's lawsuit went to trial as to the issues relating to the Memorandum, the Amendment, and the trust agreement not resolved by Judge Horton. After the parties reached an oral settlement of those remaining issues, Judge Walker's judgment merely enforced the settlement entered on the record. Again, the superior court undoubtedly had jurisdiction. *See, e.g., Few v. Hammack Enters., Inc.*, 132 N.C. App. 291, 299, 511 S.E.2d 665, 671 (1999) (trial court may order specific performance of the terms of a mediated settlement agreement).

Consequently, petitioner's contention that the superior court lacked subject matter jurisdiction in the *Whitaker I* action is without merit. The nine assignments of error that rely upon that contention are, therefore, overruled.

II

[2] Petitioner contends in her remaining assignment of error that the trial court erred when it stated that petitioner's notice of appeal made only a "general objection" to the clerk's order. Petitioner has, however, failed to demonstrate any harm from Judge Spivey's observation.

Judge Spivey's order specifies:

> The Court has reviewed, paragraph-by-paragraph, the Clerk's Findings of Fact, Conclusions of Law and Order. The Court has also reviewed portions of the transcript of the hearing before the Clerk held on January 18, 2005, together with an Affidavit of a witness at that hearing relating to matters that were alleged not to be contained in the record. . . .

> The Court concludes, as a matter of law, pursuant to N.C.G.S. § 1-301.3, that the Clerk's Findings of Fact are supported by the evidence; the Clerk's Conclusions of Law are supported by the Findings of Fact; and the Clerk's Order is consistent with the Conclusions of Law and the applicable law in the State of North Carolina.

In short, despite his belief that petitioner's notice of appeal was inadequate as a general objection, Judge Spivey conducted a full review of the Clerk's order.

**IN RE ESTATE OF WHITAKER**

[179 N.C. App. 375 (2006)]

Moreover, we agree with Judge Spivey that petitioner's notice of appeal constituted only a general objection under N.C. Gen. Stat. § 1-301.3 (2005). On appeal of estate matters determined by the clerk, the superior court reviews an order of the clerk for purposes of determining: (1) whether the findings of fact are supported by the evidence; (2) whether the conclusions of law are supported by the findings of fact; and (3) whether the order or judgment is consistent with the conclusions of law and applicable law. N.C. Gen. Stat. § 1-301.3(d). The superior court, however, only reviews those "findings of fact *which the appellant has properly challenged by specific exceptions.*" *In re Estate of Lowther*, 271 N.C. 345, 354, 156 S.E.2d 693, 700-01 (1967) (emphasis added). *See also In re Estate of Longest*, 74 N.C. App. 386, 390, 328 S.E.2d 804, 807 ("Thus, in an appeal from an order of the Clerk in a probate matter, the Superior Court is not required to conduct a *de novo* hearing. Rather, . . . *when a finding of fact by the Clerk of Court is properly challenged by specific exception*, the Superior Court judge will review those findings, and either affirm, reverse, or modify them." (internal citation and quotation marks omitted) (emphasis added)), *appeal dismissed and disc. review denied*, 314 N.C. 330, 330 S.E.2d 488 (1985).

In the present case, petitioner's appeal to the superior court did not refer specifically to any of the clerk's 66 findings of fact. Instead, petitioner's appeal states only:

> [T]he findings of fact are not supported by evidence, the conclusions of law are not supported by the findings of fact, and the order is inconsistent with the conclusions of law, prior court orders and applicable law.

This statement constitutes only a broadside attack on the findings of fact and thus the trial court did not err by concluding that petitioner had only made a "general objection." *See, e.g., Wade v. Wade*, 72 N.C. App. 372, 375-76, 325 S.E.2d 260, 266 (1985) ("A single assignment generally challenging the sufficiency of the evidence to support numerous findings of fact, as here, is broadside and ineffective."), *disc. review denied*, 313 N.C. 612, 330 S.E.2d 616 (1985).

Affirmed.

Judges TYSON and JACKSON concur.