IN RE: ESTATE OF PAULINE E. MILLS, DECEASED.
No. COA07-334
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
H. Ligon Bundy, for petitioners-appellees.
Franklin S. Hancock, for respondent-appellant Jerry S. Mills.
JACKSON, Judge.
Jerry S. Mills ("respondent") appeals from an order of the Union County Superior Court ("the superior court") affirming the actions of the Clerk of the Superior Court ("the clerk") revoking respondent's Letters Testamentary and removing respondent as executor of the Estate ("the Estate") of Pauline E. Mills ("decedent"). For the following reasons, we affirm.
In 1974, decedent executed her Last Will and Testament, which bequeathed and devised her property equally among her five children, to wit: Ann M. Tomberlin ("Tomberlin"), Doris M. Greene ("Greene"), Robert D. Mills ("Mills"), Dean Mills, and respondent. Dean Mills predeceased decedent, and in 1990, decedent executed acodicil to her will, which added (1) Tomberlin as co-executor and (2) a provision for Dean Mills' children.
On 24 May 2004, decedent died, and on 20 May 2005, Tomberlin, Greene, Mills, and respondent were appointed co-executors of the Estate and issued Letters Testamentary. During the subsequent months, respondent began to believe that Tomberlin and Greene (collectively, "petitioners") "had systematically depleted the decedent's Estate both before and after her death," and on 24 January 2006, respondent filed a motion for (1) disgorgement and (2) removal of petitioners as co-executors. In his motion, respondent contended that petitioners had (1) "engage[d] in the hiding of substantial Estate assets, disregarding and ' neglecting' their duties to disclose and/or account for same"; and (2) "prevent[ed] [respondent] from performing his sworn duties as Executor while disregarding their own duties."
Petitioners responded by seeking to have respondent's Letters Testamentary revoked. On 17 July 2006, Tomberlin and Greene petitioned for the revocation of respondent's Letters Testamentary, alleging that respondent had a private interest that would tend to hinder or be adverse to the fair and proper administration of the Estate. Specifically, petitioners alleged that respondent (1) initiated a special proceeding in the superior court against Wachovia Bank, N.A., purportedly in his capacity as executor of the Estate; (2) sought recovery through the proceeding of a certificate of deposit that he alleged was not the property of the Estate but instead his sole property; (3) initiated the proceeding solely to further his own private interests; (4) initiated the proceeding without the consent of a majority of the executors in violation of North Carolina General Statutes, section 28A-13-6; and (5) refused to communicate with the other executors in order to administer the Estate in an orderly fashion.
On 28 September 2006, respondent filed a "Notice of Discovered Property" with the superior court, alleging that he had discovered substantial assets belonging to the Estate in petitioners' control and that petitioners had refused in writing to provide respondent with information or records concerning those assets. Also on 28 September 2006, respondent filed a petition for revocation of petitioners' Letters Testamentary, alleging that respondents (1) had fraudulently used a power of attorney and a deed to transfer some of decedent's real and personal property to themselves; (2) had refused to turn over records concerning decedent's property; and (3) "continue to this date to exercise dominion and control over assets which should properly be turned over to the Estate." Respondent, therefore, contended that petitioners' Letters Testamentary should be revoked because (1) they had violated their fiduciary duties as executors, and (2) they had private interests that hinder the proper administration of the Estate.
On 2 October 2006, the clerk issued citations to both petitioners and respondent to show cause as to why their Letters Testamentary should not be revoked. On 3 October 2006, respondent filed a motion for summary judgment, and on 11 October 2006, petitioners filed a response. On 2 November 2006, the clerk issued a citation to Mills on the grounds that Mills (1) "may have violated a fiduciary duty through default in the execution of his office"; and (2) "may have a private interest that might tend to hinder or be adverse to a fair and proper administration of the Estate."
On 22 November 2006, the clerk issued two orders  the first revoking both petitioners' and respondent's Letters Testamentary and removing them as co-executors, and the second revoking Mills's Letters Testamentary and removing him as co-executor. Petitioners and respondent appealed this order to the superior court , and on 8 December 2006, the superior court filed an order affirming the clerk's orders. Thereafter, respondent filed timely notice of appeal.[1]
On appeal, respondent contends that the superior court erred by affirming the clerk's revocation of his Letters Testamentary on the grounds that the clerk failed to find any facts which would support the conclusion of law that respondent has a private interest adverse to the Estate. We disagree.
"In probate matters, . . . the Clerk of Superior Court has original jurisdiction. After an evidentiary hearing the Clerk has the duty to make findings of fact, to make conclusions of law, and to enter the judgment accordingly." In re Estate of Swinson, 62 N.C. App. 412, 415, 303 S.E.2d 361, 363 (1983). When, as in the case sub judice, the order or judgment appealed from fails to show any specific exceptions, and the case is before the Superior Court, the role of the trial judge is to review the order of the Clerk for errors of law only. It is not proper to have a trial de novo or to hear any evidence in Superior Court.
Id.
This Court recently noted that "[t]he superior court . . . only reviews those 'findings of fact which the appellant has properly challenged by specific exceptions.'" In re Estate of Whitaker, 179 N.C. App. 375, 382, 633 S.E.2d 849, 854 (2006) (emphasis in original) (quoting In re Estate of Lowther, 271 N.C. 345, 354, 156 S.E.2d 693, 700.01 (1967)). "Absent exceptions to specific findings of fact by the clerk, however, a general exception to the judgment presents only the question whether the facts found support the conclusions of law." Estate of Lucas v. Jarrett, 55 N.C. App. 185, 191, 284 S.E.2d 711, 715 (1981).
In the instant case, respondent's appeal to the superior court did not refer specifically to any of the clerk's findings of fact. Instead, respondent generally alleged in his notice of appeal that the written order improperly (1) ignored certain evidence, (2) incorporated unsworn and uncorroborated testimony of petitioners' attorney, and (3) failed to address the issues of the alleged fraud and misconduct by petitioners. Therefore, respondent's appeal to the superior court constituted a general objection. See Whitaker, 179 N.C. App. at 382, 633 S.E.2d at 854.
There being only a general objection to the Superior Court judgment, the standard for our appellate review is whether the facts found by the trial judge support the judgment. Because there was no objection or exception to the de novo hearing in the Superior Court, and no prejudicial error appears on the face of the record, we do not examine the evidence on which the trial judge's findings of fact are based.
Swinson, 62 N.C. App. at 417, 303 S.E.2d at 364.
"Cases from our Supreme Court and this Court make clear that the determination of whether to revoke an executor's Letters should be guided by consideration of whether the Estate is harmed or threatened with harm." In re Estate of Monk, 146 N.C. App. 695, 698, 554 S.E.2d 370, 371 (2001), disc. rev. denied, 355 N.C. 212, 559 S.E.2d 805 (2002). Although our Supreme Court has cautioned that "[a] testator's selection of his executor is not to be set aside lightly,"In re Estate of Moore, 292 N.C. 58, 65, 231 S.E.2d 849, 854 (1977), North Carolina General Statutes, section 28A-9-1 provides that Letters Testamentary may be revoked for any of the following reasons:
(1) The person to whom they were issued was originally disqualified under the provisions of [section] 28A-4-2 or has become disqualified since the issuance of letters.
(2) The issuance of letters was obtained by false representation or mistake.
(3) The person to whom they were issued has violated a fiduciary duty through default or misconduct in the execution of his office, other than acts specified in [section] 28A-9-2.
(4) The person to whom they were issued has a private interest, whether direct or indirect, that might tend to hinder or be adverse to a fair and proper administration. The relationship upon which the appointment was predicated shall not, in and of itself, constitute such an interest.N.C. Gen. Stat. . 28A-9-1(a) (2005) (emphasis added). Furthermore, "[i]f at the hearing the clerk of superior court finds any one of the grounds set forth in subsection (a) to exist, he shall revoke the letters issued to such personal representative." N.C. Gen. Stat. . 28A-9-1(b) (2005) (emphasis added).
In the case sub judice, the clerk found the following facts, which, as discussed supra, are binding on appeal:
10. There is a poor personal relationship between [respondent], on one part, and [petitioners], on the other part. [Respondent] has not spoken with [petitioners] for several years. Likewise, [petitioners] have not spoken with [respondent] for several years. No evidence was introduced concerning the relationship between [Mills] and the other Executors.
11. None of the Executors has filed the inventory of what they contend to be the real or personal property of the Deceased, as required by [North Carolina General Statutes, section 28A-20-1], despite the fact that they have been appointed for more than a year.
12. Beginning in 1996, [petitioners] and Cindy Thompson ("Cindy") managed some of Decedent's financial affairs under a power of attorney. The actions taken by [petitioners] and Cindy under the power of attorney is the subject of much controversy between [the Executors].
13. In 1996, [respondent] and [Mills] filed a lawsuit in Union County Superior Court against First Union National Bank and James Cox, . . . (the "First Lawsuit") to recover money (the "Disputed Funds"). In the complaint and other pleadings filed in that matter, [respondent] and [Mills] alleged that they were the owners of two separate certificates of deposit that had been invested with the bank, and that their mother, the Decedent, was acting as trustee of said funds, but did not otherwise have any ownership interest in said funds. They further alleged that [petitioners] and Cindy, acting under the power of attorney, had withdrawn the Disputed Funds from the certificates of deposit. This lawsuit was subsequently dismissed, several years before the Decedent died.
14. On May 8, 2006, [respondent], acting as Executor of the Estate, filed a Special Proceeding in Union County Superior Court against Wachovia Bank, NA, successor in interest to First Union National Bank, . . . (the "Special Proceeding"). The object of the Special Proceeding was to recover the Disputed Funds that had been the subject of the First Lawsuit. In the Special Proceeding, [respondent] alleged that the Disputed Funds were the property of the Estate. Although [Mills] was not a named party to the Special Proceedings, [respondent]'s attorney has represented to the Court that [Mills], as Executor of the Estate, also desires to adopt the petition filed in that matter, and attempt to recover the Disputed Funds for the Estate. The Special Proceeding is still pending.
15. [Respondent] testified at the hearing in this matter that a portion of the Disputed Funds was his property, and not the property of the Estate. [Respondent]'s claim to the Disputed Funds is adverse to the Estate, and to the interests of the other heirs.
16. Based upon the above, it is apparent that the personal interests of [respondent] with respect to the Disputed Funds are so antagonistic to the interests of the Estate and those entitled to its distribution that [respondent] cannot fairly represent both. [Respondent] has a private interest that would tend to hinder or be adverse to the fair and proper administration of the Estate.
(Emphases added). Based upon these findings, the clerk concluded that because respondent's private interest would tend to hinder or be adverse to the administration of the Estate, the Letters Testamentary issued to respondent should be revoked. After reviewing the record, the superior court determined that the clerk's findings of fact were supported by the evidence, that the conclusions of law were supported by the findings of fact, and that the clerk's order was consistent with the conclusions of law and applicable law.
Although respondent argues at length on appeal that he conscientiously performed his statutorily-mandated duties and that he performed those duties diligently and in good faith, such arguments would serve only to rebut a finding pursuant to section 28A-9-1(a)(3) that respondent violated his fiduciary duties. See N.C. Gen. Stat. . 28A-9-1(a)(3) (2005). The superior court, however, made no such determination, and respondent's performance of his duties as executor, no matter how commendable they may have been, is immaterial with respect to whether he had a direct or indirect private interest that might tend to hinder the administration of the Estate. See N.C. Gen. Stat. . 28A-9-1(a)(4) (2005).
We agree with the superior court that the clerk's findings of fact support a determination that (1) respondent has a private interest with respect to the certificates of deposit; and (2) such interest might tend to hinder a fair and proper administration of the Estate. Therefore, the clerk properly revoked respondent's Letters Testamentary, and accordingly, we affirm the order of the superior court affirming the order of the clerk.
Affirmed.
Judges TYSON and STROUD concur.
Report per Rule 30(e).
NOTES
[1] Petitioners did not appeal the superior court's order, and Mills did not appeal the clerk's order.