IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-1019

Filed: 1 December 2020

Mecklenburg County, No. 17 E 3602

IN THE MATTER OF: R.D.B., A MINOR CHILD

Appeal by petitioners from order entered 9 April 2019 by Judge Carla Archie in Mecklenburg County Superior Court. Heard in the Court of Appeals 27 August 2020.

*James, McElroy & Diehl, P.A., by Preston O. Odom, III, and Jon R. Burns, for petitioners-appellants Ruby and Caleb Harkness.*

*Kip David Nelson for appellee Raymond Mann.*

ZACHARY, Judge.

Petitioners Ruby and Caleb Harkness appeal from the superior court's order affirming the assistant clerk of court's order appointing Raymond Mann to serve as the guardian of the minor child, R.D.B. ("Robert").[1] After careful review, we affirm.

## *Background*

Robert was born in September 2010. Robert's father died intestate on 4 August 2013. From 2011 to 2014, Robert and his mother, Tracee, lived with the Harknesses, Tracee's parents, in Georgia; in 2014, they moved in with Raymond Mann, Tracee's boyfriend, in Charlotte, North Carolina. About a year later, Tracee and Raymond

_____

[1] We employ a pseudonym to protect the identity of the juvenile.

were married. On 1 October 2017, Tracee died intestate, leaving Robert with no living biological parents, and thus no natural guardian. Robert continued to reside in Charlotte with Raymond after Tracee's passing.

On 31 October 2017, the Harknesses filed a guardianship application with the Mecklenburg County Clerk of Superior Court, seeking appointment as general guardians of Robert. The Harknesses named Raymond as a person "known to have an interest in this proceeding," and on 8 November 2017, a Mecklenburg County Sheriff's deputy served Raymond with a copy of the Harknesses' application and a notice of hearing On 22 November 2017, the assistant clerk[2] entered an order appointing a guardian *ad litem* for Robert.

In June 2018, over the course of six days, the guardianship case was tried before the assistant clerk. On 11 July 2018, the assistant clerk entered an order appointing Raymond to serve as Robert's guardian. The Harknesses gave timely notice of appeal to the Mecklenburg County Superior Court, pursuant to N.C. Gen. Stat. § 1-301.3(c).

On 15 January 2019, the Harknesses' appeal came on for hearing before the Honorable Carla Archie in Mecklenburg County Superior Court. The Harknesses argued that the assistant clerk erred by (1) failing to "consider any statements that

---

[2] "An assistant clerk is authorized to perform all the duties and functions of the office of clerk of superior court, and any act of an assistant clerk is entitled to the same faith and credit as that of the clerk." N.C. Gen. Stat. § 7A-102(b) (2019).

were purportedly made by the minor child to anyone other than a guardian ad litem, or to a therapist, regarding what his preferences were in this case," particularly "anything that the child said to any grandparents, any aunts, [or any] uncles"; (2) "allow[ing] virtually most all statements made or purported to be made to witnesses in this case by Tracee Mann, the deceased mother"; and (3) admitting the testimony of Che'Landra Moore-Quarles, a licensed professional counselor, as an "expert in grief counseling."

On 9 April 2019, the superior court entered an order affirming the assistant clerk's appointment of Raymond as guardian. The superior court concluded, *inter alia*, that the minor guardianship hearing was held before the assistant clerk in accordance with section 35A-1223 of our General Statutes, "to which the North Carolina Rules of Evidence do not apply." In addition, the superior court concluded that "[t]here was no prejudicial error in the admission or exclusion of evidence" at the hearing. The Harknesses timely noticed their appeal of the superior court's order.

## *Discussion*

The Harknesses raise two arguments on appeal to this Court. They contend that (1) "[t]he superior court reversibly erred in concluding that the North Carolina Rules of Evidence do not apply to this Guardianship Action"; and (2) "[t]he superior court reversibly erred in concluding that the clerk did not commit prejudicial error in admitting and/or excluding evidence at trial[.]"

## *I. Standard of Review*

This Court has held that section 1-301.3 of our General Statutes governs the standard of review for an appeal arising from an order appointing a guardian. *In re Winstead*, 189 N.C. App. 145, 151, 657 S.E.2d 411, 415 (2008). Pursuant to this statute, the clerk "shall determine all issues of fact and law," and "shall enter an order or judgment, as appropriate, containing findings of fact and conclusions of law supporting the order or judgment." N.C. Gen. Stat. § 1-301.3(b).

"When a party appeals a judgment or order entered by the clerk of court to the superior court, the trial court sits as an appellate court." *In re Taylor*, 242 N.C. App. 30, 34, 774 S.E.2d 863, 866 (2015) (citation and internal quotation marks omitted). Under section 1-301.3, when sitting as an appellate court,

> the superior court shall review the order or judgment of the clerk for the purpose of determining only the following:
>
> (1) Whether the findings of fact are supported by the evidence.
> (2) Whether the conclusions of law are supported by the findings of facts.
> (3) Whether the order or judgment is consistent with the conclusions of law and applicable law.

N.C. Gen. Stat. § 1-301.3(d). "If the judge finds prejudicial error in the admission or exclusion of evidence, the judge, in the judge's discretion, shall either remand the matter to the clerk for a subsequent hearing or resolve the matter on the basis of the record." *Id.*

"The standard of review in this Court is the same as in the Superior Court." *In re Estate of Johnson*, 264 N.C. App. 27, 32, 824 S.E.2d 857, 861 (2019) (citation omitted). The superior court's review is limited to "those findings of fact which the appellant has properly challenged by specific exceptions." *In re Estate of Whitaker*, 179 N.C. App. 375, 382, 633 S.E.2d 849, 854 (2006) (emphasis omitted) (citation and internal quotation marks omitted). "Unchallenged findings of fact are presumed to be supported by competent evidence and are binding on appeal." *In re Estate of Harper*, ___ N.C. App. ___, ___, 837 S.E.2d 602, 604 (2020) (citation and internal quotation marks omitted).

## II. The Rules of Evidence

The Harknesses first challenge the superior court's conclusion of law that "the North Carolina Rules of Evidence do not apply" to minor guardianship hearings governed by section 35A-1223.

Chapter 35A of our General Statutes provides that "[a]ny person or corporation, including any State or local human services agency[,]" may apply "for the appointment of a guardian of the person or general guardian for any minor who [does not have a] natural guardian." N.C. Gen. Stat. § 35A-1221. The clerk of superior court will then conduct a hearing "to determine whether the appointment of a guardian is required, and, if so, consider[ ] the child's best interest in determining who the guardian(s) should be." *Corbett v. Lynch*, 251 N.C. App. 40, 42, 795 S.E.2d

564, 565 (2016) (citing N.C. Gen. Stat. § 35A-1223). At the guardianship hearing, the

clerk may receive a broad array of evidence:

> If the court determines that a guardian or guardians are required, the court shall receive evidence necessary to determine the minor's assets, liabilities, and needs, and who the guardian or guardians shall be. The hearing may be informal and the clerk may consider whatever testimony, written reports, affidavits, documents, or other evidence the clerk finds necessary to determine the minor's best interest.

N.C. Gen. Stat. § 35A-1223.

The Harknesses argue that "[a] plain reading" of section 35A-1223, as well as

"the superior court's standard of review for the appeal from an order awarding

guardianship of a minor," make clear that the Rules of Evidence apply to such

hearings. We agree—albeit for different reasons.

It is axiomatic that "[t]he primary goal of statutory construction is to arrive at

legislative intent." *Alberti v. Manufactured Homes, Inc.*, 329 N.C. 727, 732, 407

S.E.2d 819, 822 (1991). In the case at bar, the legislative intent is manifest.

Our Rules of Evidence "govern proceedings in the courts of this State to the

extent and with the exceptions stated in Rule 1101." N.C. Gen. Stat. § 8C-1, Rule 101.

Rule 1101 states that "[e]xcept as otherwise provided in subdivision (b) or by statute,"

the Rules of Evidence "apply to all actions and proceedings in the courts of this State."

*Id.* § 8C-1, Rule 1101(a).

Subdivision (b) provides that the Rules of Evidence, other than those respecting privileges, are inapplicable in certain listed situations:

> **(1) Preliminary Questions of Fact.** -- The determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104(a).
> **(2) Grand Jury.** -- Proceedings before grand juries.
> **(3) Miscellaneous Proceedings.** -- Proceedings for extradition or rendition; first appearance before district court judge or probable cause hearing in criminal cases; sentencing, or granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; proceedings with respect to release on bail or otherwise.
> **(4) Contempt Proceedings.** -- Contempt proceedings in which the court is authorized by law to act summarily.

*Id.* § 8C-1, Rule 1101(b). Minor guardianship proceedings pursuant to section 35A-1223 are not included in Rule 1101(b)'s enumerated exceptions.

In addition, the General Assembly did not "otherwise provide[ ] . . . by statute," *id.* § 8C-1, Rule 1101(a), that the Rules of Evidence would not apply to minor guardianship proceedings pursuant to section 35A-1223. In particular, there is no mention of the Rules of Evidence in Chapter 35A of our General Statutes, "Incompetency and Guardianship."

Moreover, our statutes contain numerous examples of instances in which our General Assembly has specifically excepted certain proceedings from the Rules of Evidence, which it failed to do with regard to minor guardianship hearings. *See, e.g.*, *id.* § 7B-901(a) (initial dispositional hearings in juvenile actions under Chapter 7B);

*id.* § 20-9(g)(4)(d) (hearings to review the restriction, cancellation, or denial of a driver's license, due to a person's physical or mental disability or disease); *id.* § 115C-325(j)(4) (hearings upon a superintendent's recommendation for the dismissal or demotion of a public-school teacher who is a "career employee," as defined by N.C. Gen. Stat. § 115C-325(a)(1a)).

In that the legislature did not except Chapter 35A minor guardianship proceedings from the application of the Rules of Evidence in Rule 1101(b) or by other statute, we conclude that the legislature intended for the Rules of Evidence to apply to minor guardianship proceedings. Accordingly, the Rules of Evidence apply to minor guardianship proceedings under section 35A-1223, and the trial court erred by concluding otherwise. *Cf. State v. Foster*, 222 N.C. App. 199, 203, 729 S.E.2d 116, 119 (2012) (holding that, because "motions for post-conviction DNA testing are not listed as an exception while the Rules of Evidence specifically list other exceptions, the Rules of Evidence apply to [such] motions or proceedings").

Nevertheless, for this to constitute reversible error, it must have been prejudicial to the Harknesses. *See* N.C. Gen. Stat. § 1-301.3(d); *see also In re Estate of Tucci*, 104 N.C. App. 142, 151, 408 S.E.2d 859, 865 (1991) ("A party asserting error on appeal must show from the record that the trial court committed error, and that he was prejudiced as a result."), *disc. review improvidently allowed*, 331 N.C. 749, 417 S.E.2d 236 (1992).

### *III. Prejudice*

The Harknesses assert that "the superior court wrongly found no prejudicial error" in the assistant clerk's evidentiary rulings (1) excluding testimony of Robert's statements to others; (2) admitting testimony of Tracee's statements to others; and (3) admitting the expert testimony of Che'Landra Moore-Quarles, a licensed counselor who treats "a variety of mental health issues including depression, grief, trauma and substance abuse." In so arguing, the Harknesses challenge (1) the superior court's findings of fact 9 and 10 (upholding the assistant clerk's findings of fact 13 and 26, respectively); (2) the superior court's finding of fact 13 (upholding the assistant clerk's finding of fact 34);[3] and (3) the superior court's findings of fact 19 and 20 (upholding the assistant clerk's acceptance of Moore-Quarles as an expert witness, and the assistant clerk's finding of fact 27).

As previously stated, our review is limited to "those findings of fact *which the appellant has properly challenged by specific exceptions.*" *Estate of Whitaker*, 179 N.C. App. at 382, 633 S.E.2d at 854 (citation and internal quotation marks omitted). The remaining "[u]nchallenged findings of fact are presumed to be supported by competent evidence and are binding on appeal." *Estate of Harper*, ___ N.C. App. at ___, 837 S.E.2d at 604 (citation and internal quotation marks omitted).

---

[3] The Harknesses argue that the assistant clerk's finding of fact 36 is also "expressly based at least in part on this error," but they fail to challenge on appeal the superior court's finding of fact 17, which upheld, *inter alia*, the assistant clerk's finding of fact 36. Nevertheless, as illustrated below, excluding the assistant clerk's finding of fact 36 does not change our analysis.

The assistant clerk's order contains 39 findings of fact. On appeal to the superior court, the Harknesses initially challenged 14 of those findings of fact, before withdrawing four of these challenges by the time of the superior court hearing. The superior court thus considered, and upheld in its order, ten of the assistant clerk's findings of fact. Before this Court, the Harknesses specifically challenge only five of the superior court's findings of fact—four of which uphold the assistant clerk's findings of fact, and one which upholds her acceptance of Moore-Quarles as an expert witness.

Of the findings of fact in the assistant clerk's order that the Harknesses never specifically challenged or that the superior court upheld in findings of fact that the Harknesses do not specifically challenge on appeal, we note the following:

> 18. The minor child is a member of a large, extended family inclusive of [Raymond], the Harknesses, his maternal sibling and relatives, his paternal siblings and relatives . . . , [Raymond]'s relatives, and close friends of [Raymond and Tracee].
>
>     . . . .
>
> 24. [Robert] lived with his mother and [Raymond] in [Raymond]'s home in Charlotte, North Carolina from 2014 until [Tracee]'s death.
>
> 25. [Raymond] has played a significant role in [Robert]'s life since [Robert and Tracee] moved to Charlotte. [Raymond] assisted [Tracee] in providing care, support and supervision of [Robert].
>
>     . . . .

28. [Raymond] is gainfully employed and provides for [Robert]'s basic needs and extracurricular activities.

29. [Raymond] is knowledgeable about [Robert]'s medical history and takes [him] to wellness appointments. [Raymond] also maintains medical and dental insurance for [Robert].

30. [Raymond] is knowledgeable about [Robert]'s educational needs and progress. [Raymond] previously enrolled [Robert] in school tutoring and [Raymond] has assisted [Robert] with his homework and special school projects.

31. [Raymond] opened a 529 Education account for [Robert] and . . . makes monthly contributions to that account.

32. [Raymond] demonstrates an active interest in [Robert]'s interests, activities and friendships. [Raymond] has coached [Robert]'s basketball team for three years.

33. [Raymond] has demonstrated respect and support of [Robert]'s relationship with his siblings and relatives. [Raymond] and [Robert] participated in a Balloon Release to honor the memory of [Robert's] late [father]. [Raymond] allowed [Robert] to attend a summer family event with [his late father's] family.

. . . .

35. [Petitioner Ruby] . . . expressed appreciation for the role Raymond . . . played in her daughter's and grandchildren's lives.

The assistant clerk also made three unchallenged findings regarding Robert's best interest with respect to the appointment of a guardian:

37. The best interest of [Robert] would be best promoted by the appointment of a guardian of person who will support

[his] ongoing development and physical, emotional, and social wellbeing.

38. The best interest of [Robert] would be best promoted by the appointment of a guardian of person who will ensure that [he] has appropriate contact with members of [his] diverse and extended family, inclusive of the Harknesses, [Robert's father's] family, [Raymond], [Raymond]'s relatives, and close friends of [Raymond and Tracee].

39. The best interest of [Robert] would not be promoted by appointing multiple guardians of the person, a guardian of estate, or a general guardian.

Our review of the voluminous record evinces substantial support for the assistant clerk's decision to appoint Raymond to serve as Robert's guardian, as well as the superior court's order affirming Raymond's appointment. Moreover, assuming, *arguendo*, that the superior court erred by making the challenged findings of fact that upheld the assistant clerk's challenged findings of fact, the Harknesses have not shown that they were prejudiced by these errors. Even if we were to exclude the evidence that the Harknesses challenge on appeal, together with the challenged findings of fact supported by that evidence, the remaining unchallenged findings of fact amply support the remaining conclusions of law, which ultimately support the assistant clerk's appointment of Raymond as Robert's guardian and the superior court's affirmance of that appointment.

As regards the acceptance of Moore-Quarles as an expert witness, assuming, *arguendo*, that the trial court erred, the Harknesses' argument lacks merit insofar as they have not shown prejudice.

The Harknesses assert that the admission of Moore-Quarles' testimony, "including her purported expert opinions about how the minor child sees his life and whether his current environment should change," amounted to prejudicial error. However, Moore-Quarles was not mentioned with any detail in the assistant clerk's order. The superior court stated in its finding of fact 20—which the Harknesses challenge on appeal—that the assistant clerk "gave little weight to Ms. Moore-Quarles' testimony, as the only [finding of fact] regarding her involvement was that the minor child attended grief sessions." In that sole finding of fact, the assistant clerk stated that Raymond enrolled Robert in grief therapy sessions and that both parties "had opportunities to speak with the therapist about [Robert's] progress." Moreover, there is no description of that progress in the assistant clerk's order, nor is there any mention of Moore-Quarles' opinions. It is evident that the assistant clerk relied very little, if at all, on Moore-Quarles' testimony in making her decision. Thus, the Harknesses can show no prejudice from the admission of Moore-Quarles' testimony. *See Woncik v. Woncik*, 82 N.C. App. 244, 249, 346 S.E.2d 277, 280 (1986) ("[W]e fail to see the prejudice to plaintiff . . . , especially since the trial judge made no reference to [the expert's] testimony in his order; thus, we may presume that the testimony played no role in his decision.").

Although the assistant clerk made other findings of fact that could have supported the appointment of the Harknesses to serve as Robert's guardians, the

unchallenged findings of fact more than sufficiently support the assistant clerk's order appointing Raymond to serve as Robert's guardian. Despite the superior court's erroneous conclusion of law regarding the applicability of the Rules of Evidence, the Harknesses have not shown that they were prejudiced by that error, or by any resultant erroneous admission or exclusion of evidence.

## *Conclusion*

The superior court improperly concluded that the Rules of Evidence do not apply to minor guardianship hearings governed by section 35A-1223. However, for the foregoing reasons, any alleged errors arising from the assistant clerk's evidentiary rulings did not prejudice the Harknesses. Accordingly, we affirm the superior court's order affirming the appointment of Raymond Mann as Robert's guardian.

AFFIRMED.

Chief Judge McGEE and Judge HAMPSON concur.